77  487
79  661

## K. AYCOCK v. THOMAS TRAMMELL & Co.

### No. 6579.

**Evidence — Mistake — Notice.** — A vendor's lien properly describing the land for which it was given was sued on and foreclosure sought against a remote vendee of the land. The deed made by the payee of the note misdescribed the land. The vendee of the land on the trial objected to the note, and to other evidence identifying the land, for the reason that "no notice of the note was proved as to him." *Held:*

1. The objection was properly overruled.
2. That notice of the lien could be proved by other testimony than the deed.
3. That the deed gave the wrong block for the survey did not prevent the proving by other testimony that the note was given for the land upon which it was sought to establish the lien.

APPEAL from Nolan. Tried below before Hon. William Kennedy. The opinion gives a statement.

*J. F. Eidson, Ragland & Beall,* and *A. L. Aycock,* for appellant.—The court erred in allowing, over appellant's objection, the plaintiffs to prove that the note was given for the east half of survey No. 54 in block 24, when the deed offered in evidence from J. W. Posey to O. F. Rogers describes the east half of survey No. 54 in block 22; and because the note was blank and not a written promise to pay any amount till the blank was filled during the trial, over appellant's objection, and no notice of the note was proved as to the appellant. The deed had never been recorded, and if recorded would not be notice to this appellant. Rev. Stats., arts. 4333, 4334; Burks v. Watson, 48 Texas, 107; McAlpine v. Burnett, 23 Texas, 649; McLouth v. Hurt, 51 Texas, 115; Eylar v. Eylar, 60 Texas, 315; Riggs v. Hanrick, 59 Texas, 570; Watson v. Chalk, 11 Texas, 89; Wethered v. Boon, 17 Texas, 143; Laws 1883, p. 86, sec. 12; Laws 1879, spec. sess., p. 26, sec. 15.

*Cowan & Fisher,* for appellees.—Subsequent purchasers are bound by the recitals in the deeds through which they claim, and are charged with notice of any mistakes or clerical errors therein, and are held to have had notice of whatever equities are apparent in the line or chain of their titles, and will be held bound thereby. Peters v. Clements, 46 Texas, 114.

HOBBY, JUDGE.—This was a suit by Thomas Trammell & Co. against O. F. Rogers as the maker and J. W. Posey endorser of a promissory note for $110, with 10 per cent interest from date.

It was alleged that it was a vendor's lien note for part of the purchase money for the east half of section 54 in block 24, Texas & Pacific Railroad Company's surveys, situated in Nolan and Mitchell counties. Petition alleges mistake in the date of the maturity of the note as stated in same, it being stated therein to be October 1, 1883, when it was intended between the parties to be, as it should have been stated in said note, as being due June 1, 1884; that the same was a mistake and mere clerical error, and that the note in fact was to mature on June 1, 1884, and was so understood between the payor and payee at the time of its execution. The petition also alleges that the land for a part of the purchase money of which said note was given was correctly described in said note, but that in the deed from said Posey to Rogers, dated October 9, 1883 (being the same date as the said note), conveying said land to said Rogers, there was a clerical error made in the description of said land in this, that block 22 was given in said deed, when it should have been block 24, the latter being the correct block and the one intended to be inserted in said deed; that the note sued on was referred to in said deed, and that a vendor's lien was retained both in the deed and note; that defendant Aycock had purchased said land since the execution and delivery of said deed and said note; that he held and claimed the said land under a chain of title from defendant Posey to said Rogers, from said Rogers to Oscar Miller, and

from said Miller to defendant Aycock; that said Aycock purchased with notice of said lien, and that he was in possession, etc., with usual prayer for relief.

On April 27, 1887, defendant Aycock filed his amended answer, containing general denial, and special answer that he purchased the land without notice for a valuable consideration from Oscar Miller, that it was his homestead, and that he had made valuable improvements. On April 27, 1887, appellees filed supplemental petition, excepting specially to all of said answer except the general denial, but the record fails to show that said exceptions were ever acted upon by the court below.

On April 27, 1887, the cause was tried before the court without a jury, and the defendants Posey and Rogers having failed to answer, judgment was rendered against them for the amount of the note, and the vendor's lien foreclosed against them as well as against Aycock. Defendant offered no evidence in support of his pleas. Defendant Aycock has appealed.

Appellant's proposition under his "assignments of error from one to four inclusive, considering them all together," is as follows:

"The court erred in allowing, over appellant's objection, the plaintiffs to prove that the note was given for the east half of survey No. 54 in block No. 24, when the deed offered in evidence from J. W. Posey to O. F. Rogers describes the east half of survey No. 54 in block No. 22; also because the note was blank and not a written promise to pay any amount till the blank was filled during the trial, over appellant's objection, and no notice of the note was proved as to appellant. The deed had never been recorded, and if recorded would not have been notice to appellant."

The proposition we do not think is well taken. It will be noticed that there is no complaint as to the sufficiency of the evidence in the case to fix notice on appellant. That "no notice of the note was proved as to appellant" was no legal reason for the exclusion of the testimony. Notice of the fact that the note was given for the east half of survey No. 54 in block 24 might have been fixed upon appellant otherwise than by the deed or its record. Nor was the fact that the deed from Posey to Rogers described the land as the east half of survey 54 in block 22 a sufficient evidence that the note was not given for the east half of survey 54 in block 24. The evidence introduced was competent, but because it did not prove notice or did not establish the case of the plaintiffs was not a valid objection to its admission. This the plaintiff could establish by other evidence. There was no error in the ruling of the court in admitting the testimony for the reasons set forth in the proposition. We think the judgment should therefore be affirmed.

*Affirmed.*

Adopted May 27, 1890.