## ALBERT MAVERICK V. W. T. ROUTH ET AL.

### No. 320.

· 1. **Recovery on Covenants of Warranty.**—In a suit to recover on a warranty, when the parties seek to recover on the ground of eviction and of paramount outstanding title, as a prerequisite to recover it was necessary for the plaintiffs to show that they had been evicted from the land, or that there was a superior outstanding title, as alleged.

2. **Outstanding Title.**—If dependence was had upon the paramount title of another, it devolves on the party suing to establish by competent and satisfactory evidence the existence and validity of the outstanding title.

3. **An Agreed Judgment Does Not Evidence an Eviction.**—The appellees having been sued for part of the land, and an agreed judgment having been entered that each party take one-half the land, the appellant not having been a party to the suit, it did not evidence an eviction; and appellees having agreed to the judgment, with the knowledge or consent of appellant, it did not lift any burden from them in establishing an outstanding title.

4. **Surrender of Land Without Suit, When.**—The surrender of the land without a law suit can be justified by showing that the person to whom the surrender was made had title superior to the warrantor, and this would justify a recovery; but the surrender of the land to some stranger to the title would not authorize a recovery.

5. **Suit for Land—Notice to Warrantor—Agreed Judgment.**—Warrantors of titles are not necessary parties to a suit brought to evict a warrantee. Neither is it necessary, to justify a recovery, that notice of the suit should be given them. Still, in cases where there has been no notice given the warrantor of the suit for eviction, the judgment alone will not be sufficient to make out a case; but as in an ouster in pais, the burden of proof is upon the warrantee to show paramount title in the parties who recovered the land from him. This would apply with still greater force where the judgment indicated an agreement.

6. **Rendering Judgment on Appeal.**—Where the ascertainment of some fact is necessary to support the rendition of the proper judgment of this court the case should be reversed; but a case should not be remanded because the successful party in the court below failed to introduce sufficient testimony upon which to justify a judgment.

#### ON MOTION FOR REHEARING.

7. **Jurisdiction of Court of Civil Appeals.**—This court has appellate jurisdiction only, and the causes before it must be decided upon the record made in the lower

court. It is not contemplated in the statutes that affidavits of facts not in the record should be entertained by this court, or should in anywise shape or affect its decision.

APPEAL from Bexar.    Tried below before Hon. G. H. NOONAN.

*Simpson & James*, for appellant.—While it has been held that a decree of a court of competent jurisdiction for a recovery of land is prima facie evidence of an eviction in a subsequent suit against a warrantor in respect to the same land, even though the warrantor was not a party to the suit wherein the judgment for the land was reversed, no such effect has been or can be given to a judgment for land rendered under the above conditions, not by the court, but upon the consent or agreement of the parties. Such a decree is not an adjudication of the question of title by the court, and it is obvious that such decree can not alone be evidence of a superior title, unless the warrantor has been a party to the agreement upon which the decree was entered. Peck v. Hensley, 20 Texas, 673; Brown v. Hearon, 66 Texas, 64; Howard v. Brittan, 71 Texas, 289; Johns v. Hardin, 81 Texas, 41; Westrope v. Chambers, 51 Texas, 188; Rawle on Cov. of Titles, sec. 123.

*C. A. Keller*, for appellees.—When a cause can not be affirmed by an appellate court, and it does not satisfactorily appear that justice to all the parties will as certainly be done by reversing and rendering as by remanding, the judgment should be reversed and the cause remanded. Dall., 381–385; Land Commissioners v. Riley, 3 Texas, 237; Love v. Doak, 5 Texas, 343; Kinsey v. Stewart, 14 Texas, 457; Crawford v. Winkfield, 25 Texas, 414; Kuhlman v. Medlinka, 29 Texas, 385; Brownsville v. Basse, 43 Texas, 440; Marx v. Carlisle, 1 Ct. App. C. C., sec. 94.

FLY, ASSOCIATE JUSTICE.—Appellees sued appellant upon covenants of warranty contained in two deeds, one dated December 31, 1878, to Samuel Milliken, conveying and warranting the title to survey number 367, granted to John M. Caldwell, of 738 acres; the other to Wm. Carom, conveying and warranting the title to surveys 374 and 375, of 160 acres of land, each patented to R. D. B. Smythe, all in Runnels County. Appellant pleaded general denial. Judgment was rendered by the court, no jury having been demanded, in favor of appellees for $994.90, being the full amount declared on in the petition. It was admitted that appellant executed the conveyances with general warranty as alleged in the petition, and the only question presented for our consideration is as to whether the appellees established such an eviction or outstanding title as to justify a recovery on the covenants of warranty. It was shown that appellees were connected with appellant by a perfect chain of title, and that the intervening vendors were either

insolvent or had forsaken the United States. It is contended by appellant that the decrees showing eviction were agreed decrees to which appellant was not a party, and that they were not of a character legally sufficient to establish the fact of eviction by superior title. The judgment in regard to the two 160 acre tracts, taken from the minutes of the District Court of date October 27, 1890, is as follows:

"In District Court, Runnels County, October Term.

"L. H. Brown
     "v.                                              "No. 126.
"J. H. Routh et al.

"On this the 27th day of October, 1890, this cause was regularly called for trial, and the plaintiff and defendants both appeared by counsel and filed in this cause an agreement to compromise, which is in the following words, to wit:

" 'In this cause it is agreed, that the court shall render judgment in favor of plaintiffs for an undivided one-half interest to the lands in controversy, and in favor of the defendants for an undivided one-half interest in the lands in controversy, and against the plaintiffs for one-half of the costs, and against the defendants for one-half of the costs of suit.

              " 'Wingate & Guin, Attorneys for Plaintiff.
              " 'Powell & Smith, Attorneys for Defendants.'

"It is considered, ordered, adjudged, and decreed by the court upon said agreement, that the plaintiffs, L. H. Brown and L. S. Lawhon, do have and recover of and from the defendants, W. T. Routh and J. H. Routh, an undivided one-half interest in the lands in controversy, which are described as follows," etc.

This is followed by a description of the land and a decree setting apart to appellees one-half of the land. In connection with the above judgment, it was shown that appellant's title came through a sheriff's sale and the deed made under a judgment taken February 15, 1850, in cause number 478, R. B. Hays v. R. D. B. Smythe, in the District Court of Bexar County. It was also shown that service by publication was had upon R. D. B. Smythe; that Smythe was not a resident of Texas, and no personal service was had on him.

In this case, as a prerequisite to the right of recovery, it became necessary for appellees to show that they had been evicted from the land, or that there was a superior outstanding title. Either of these facts being established would justify a recovery on the covenants of warranty, as it was not necessary that appellees should wait for an actual eviction before they could make use of their remedy. The appellees having in their petition placed their recovery not only upon the ground of eviction, but also upon the ground of paramount outstanding title in

one R. D. B. Smythe, actual eviction was not necessary to enable appellees to maintain their suit.    Groesbeck v. Harris, 82 Texas, 411; Doyle v. Hord, 67 Texas, 622.

If dependence was had upon the paramount title of another, it devolved on appellees to establish by competent and satisfactory evidence the existence and validity of the outstanding title.    Tarply v. Poage, 2 Texas, 148; Johns v. Hardin, 81 Texas, 40.

The judgment in the District Court of Runnels County having been an agreed one, and appellant not having been a party to it, it did not evidence an eviction, and it devolved upon appellees to clearly establish the fact of a superior outstanding title.    In other words, the judgment having been agreed to by appellees, without the knowledge or consent of appellant, it did not lift any burden from appellees in establishing an outstanding title.    Although it is alleged that L. H. Brown claimed under Smythe, there is no evidence to connect Brown with Smythe, in whom the superior title is alleged to have been.    If outstanding title is shown in any one, it is, as pleaded, in Smythe, and we are of the opinion that appellee could not recover by showing an actual eviction or an eviction by election by Brown, who is not connected in any manner with him in whom the outstanding title exists. While a surrender of the land without a lawsuit could be justified by showing that the person to whom surrender was made possessed a superior title to the warrantor, and this would justify a recovery of the purchase money, yet we do not think the surrender of the land to some stranger to the title, because there was a superior title in existence, would justify a recovery.    We are of the opinion, therefore, that the judgment so far as the two 160 acre tracts are concerned was erroneous, and we proceed to consider that part of the judgment relating to the 738 acres of land.    In regard to this piece of land the following judgment, omitting the field notes, was introduced in evidence:

"From the minutes of the United States Circuit Court for the Northern District of Texas, at Waco.    April Term, A. D. 1890.    April 23, 1890.

"J. P. SMYTHE ET AL.

"v.                                                                                "NO. 338.

"W. L. ROUTH.

"On this the 23rd day of April, A. D. 1890, this cause being called for trial, came the parties plaintiff and defendant, each appearing by counsel, and each announced ready for trial, and the parties plaintiff and defendant having in writing filed in this behalf waiving a jury and agreeing to make submission of this cause both as to law and to facts to the court, and the court, after hearing the pleadings read, evi-

dence, admission of counsel in open court made, and agreements of counsel, and being fully advised, doth order and adjudge as follows:

"1. That plaintiffs, James P. Smythe, Matilda Smythe, Sarah Jane Smythe, and Mary Smythe do have and recover of and from defendant W. T. Routh an undivided five-sixths of the tract of land hereinafter described, being the parcel of land involved in this action.

"2. That defendant, W. T. Routh, do have and recover as against said plaintiffs an undivided one-sixth of the said tract of land.

"3. That defendant be and he shall be permitted to remove from the tract of land hereinafter described all improvements thereon, consisting of fencing for his own use and benefit.

"4. That said plaintiffs do pay all costs of this suit, for which defendant for his own use and for the use of the officers of this court shall have execution against said plaintiffs."

It is contended by appellant that this was a judgment by agreement, and being such, that there is no testimony to connect the plaintiffs in that suit with R. D. B. Smythe, in whom outstanding title was alleged. The judgment recites, that it was rendered after hearing pleadings, evidence, admission of counsel in open court, and agreements of counsel, and there is nothing that shows about what the agreements were made; and it may have been agreed that the plaintiffs in that case were to receive the five-sixths of the land which they recovered. It seems to have been a contested case on some points and by agreement on others, and the question arises, was it necessary for appellees to show the paramount title, or was the judgment of eviction sufficient of itself to justify a recovery on the covenants of warranty, appellant, the warrantor, not having been shown to have had notice of the suit? Warrantors of titles are not necessary parties to a suit brought to evict a warrantee, and neither is it essentially necessary, to justify a recovery on a covenant of warranty, that notice should be given the warrantor; still, in cases where there has been no notice given to the warrantor of the suit for eviction, the judgment alone will not be sufficient to make out a case; but as in the instance of an ouster in pais, that is, without incurring a lawsuit, the burden of proof is upon the warrantee to show paramount title in the parties who recovered the land from him. This would apply with still greater force where the judgment indicated agreements. This is done for the protection of the warrantor, for the land might decline in value, and the purchaser might desire an eviction very much, and might suffer one, so as to obtain back the purchase money from the warrantor. If the latter is notified of the suit, of course he then is in a position to protect his interests, and the judgment would be conclusive. Rawle on Cov. of Titles, secs. 122, 123, 124, and notes. The broad rule laid down by Rawle, which is sustained by respectable authority, and which we think correct, is, that where the warrantor had no notice of the evic-

tion proceedings, the judgment alone would not make out a prima facie case, and the warrantee must prove paramount title. But it becomes unnecessary for us to go that far in this case, as the recitals in the judgment create a doubt as to whether the main facts necessary to an eviction were not admitted by appellees, and casts such doubt upon the judgment as would render proof aliunde necessary to make out a case, even if the broad rule stated were not the correct one.

If this view of the law be correct, appellees failed in their proof, because they fail to show any paramount title in the parties who recovered the judgment in the United States court, and there is no connection whatever shown between them and the party in whom the paramount title is placed by the pleading.

The judgment must necessarily be reversed; but appellees insist that when a cause can not be affirmed by an appellate court, and it does not satisfactorily appear that justice to all parties will as certainly be done by reversing and rendering as by remanding, the latter should be done. The statute, section 36, page 31, Acts of 1892, provides, that "When the judgment or decree of the court below shall be reversed, the Court of Civil Appeals shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained, or the damages to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below." This is a re-enactment of article 1048, Sayles' Statutes. While it would be the duty of the appellate court to reverse and remand, where the ascertainment of some fact was necessary to support the rendition of the proper judgment of the court, still we are of the opinion, that a case should not be remanded because the successful party in the court below failed to introduce sufficient testimony upon which to justify a judgment. If appellees had been unsuccessful, and were before this court in the attitude of appellants, complaining of the judgment below, we would be compelled to affirm the judgment, and not reverse it merely to give them an opportunity to amend their proof. Appellees stand in no better relation now than they would were they appellants. It is insisted, that where manifest injustice will be done by a rendition of judgment in the appellate court, the cause should be remanded. This may be true; but we can not say that injustice will be done by rendering a judgment in this court. Had appellees been lulled into security by any ruling of the court, or perchance any act of appellant, they might claim with reason that another opportunity should be given in order to fully develop the case; but in the absence of any obstruction, we can not presume that appellees, appreciating the fact that the burden was upon them to establish a breach of the covenants of warranty, did not produce every fact within their power necessary to establish their case.

The judgment of the lower court is reversed, and judgment is here rendered for appellant for all costs in this and the lower court expended.

*Reversed and rendered.*

Delivered May 2, 1894.

JAMES, Chief Justice, did not sit in this case.

### ON MOTION OF APPELLEES TO REVERSE THE JUDGMENT AND REMAND THE CAUSE.

NEILL, ASSOCIATE JUSTICE.—On March 8, 1893, appellees recovered a judgment in the District Court of Bexar County against the appellant of $994.90, for an alleged breach of warranty, from which judgment Maverick appealed to this court, where the appeal is now pending. The appellees come here and confess that one of appellant's assignments of error is well taken, and move the court to reverse and remand the cause for a new trial, in order to allow them to make certain proof necessary to support a judgment which they failed to make in the court below. The motion is resisted by appellant, who contends that, as the case was tried by the court without a jury, it is the duty of this court to render such judgment as the court below should have rendered.

Section 36, page 31, Called Session Twenty-second Legislature, provides, that "When the judgment or decree of the court below shall be reversed, the Court of Civil Appeals shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained, or the damages to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below." Cases are tried by inferior courts with a view to this statute, and with full knowledge on the part of litigants that, if the judgment rendered should be reversed on appeal, it is the plain and unequivocal duty of this court to render the proper judgment, without the case should fall within the exception. Under this statute the parties to a suit, as the result of the trial, have the right to a proper judgment. And the party who was entitled to it in the court below can not be deprived of it by its failure to do its duty; but can demand the right on appeal, and can not then be deprived of it by a confession of error on the part of his apparently successful adversary, without the court's passing on the merits of the case.

The motion is overruled, and leave granted appellees to withdraw their confession of error.

*Motion refused.*

ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—This court is one with none other than appellate jurisdiction, and the causes before it must be decided upon the record made in the lower court. It is not contemplated in the statutes that affidavits of facts not in the record should be entertained by this court, or should in anywise shape or affect its decision. There are affidavits filed in support of the motion for rehearing setting up agreements that were made in regard to the testimony in the lower court. Whatever agreements there may have been between the parties can have no bearing upon the decisions of this court, unless they are a part of the record. Section 24 of the Act to organize the Courts of Civil Appeals provides, that "In all cases of appeal or writ of error to the Court of Civil Appeals, the trial shall be on a statement of facts or agreed statement of the pleadings and proof, as agreed upon by the parties or their attorneys, or the conclusions of law and fact, as the case may be, certified to by the judge of the court below; or should the parties fail to agree, then the judge of the court below shall certify the facts; or on a bill of exceptions to the opinion of the judge; or on a special verdict; or on an error in law, either assigned or apparent on the face of the record; and in the absence of all these, the case shall be dismissed with costs alone, or with costs and damages, at the discretion of the court." The only provision made in the law for affidavits is in the case of bills of exceptions where the trial judge refuses to sign them, and it is expressly required in connection with these, that they must "be contained in and form a part of the record transmitted to the Court of Civil Appeals." There is no statute or rule of practice permitting the filing of affidavits amendatory of the facts or explanatory of the failure to produce certain testimony in the court below. There is nothing in the record to indicate that appellees were misled by any agreement in regard to the evidence, and the affidavits in support of motion for rehearing can not be entertained by us. While permissible, under our practice motions for new trials are not required in order to appeal, where the case is tried without the intervention of a jury. Whatever may be the practice in other States, this is the settled practice in Texas.

The motion for rehearing is overruled.

*Motion overruled.*

Delivered June 2, 1894.