CATHERINE TELSCHOW ET AL. v. HENRY C. HOUSE.

No. 890.

1. Foreclosure of Lien on Homestead of Decedent—Jurisdiction of District Court.—In an action brought in the District Court against the widow and heirs of a decedent to foreclose a lien on the homestead, it is not necessary, in order to maintain the jurisdiction of such court, to allege and prove that no administration has been had upon the estate, and that no necessity exists therefor.

2. Same—Pleading and Proof—Homestead Character of Property.—Where plaintiff's petition did not specifically allege that the property upon which he sought to foreclose a mechanic's lien was a homestead, but it did appear therefrom that it became the homestead and was occupied as such, this was sufficient to admit proof of its homestead character.

3. Same—Proof of Heirship Where No Personal Judgment is Taken.—Where, in an action against the widow and heirs of a decedent to foreclose a lien on the homestead, it appears that he had a wife and children, and the defendants admit

in their answer that they came into possession of the homestead, and do not plead that they are improperly joined in the suit, a failure to prove their heirship is not reversible error, no personal judgment being taken against them, but only a judgment of foreclosure against their interest in the property.

ERROR from Harris. Tried below before Hon. S. H. BRASHEAR.

*Coleman & Ross*, for plaintiffs in error.—1. The plaintiff having failed to show affirmatively that there were no other debts against the estate of F. Telschow, deceased, except the one sued upon, and that there was no administration pending upon his estate, and no necessity therefor, the District Court of Harris County had no jurisdiction to proceed further with this cause, and should have dismissed the same. Zwerneman v. Rosenberg, 11 S. W. Rep., 150.

2. Even had the plaintiff shown that there was no administration upon the estate of F. Telschow, deceased, and no necessity therefor, it was nevertheless necessary for him to show affirmatively that the parties alleged to be the heirs of deceased were such.

*W. P. Hamblen* and *Burke, Griggs & Co.*, for defendant in error.

1. The note sued on was secured by a lien on the homestead of F. Telschow, which could not be made the subject of administration. Patterson v. Allen, 50 Texas, 23; Solomon v. Skinner, 82 Texas, 345.

2. There was no error in rendering judgment of foreclosure of the lien on the homestead against Kate Telschow, Albert Telschow, and Fritz Felschow, since, whether they were proved heirs of Telschow or not, they admitted by their pleadings they had come into possession of the homestead, and the judgment of foreclosure only affected their interest in the homestead, whatever it may have been. Jouett v. Jouett, 3 Texas, 151; Morris v. Russell, 12 Texas, 177.

GARRETT, CHIEF JUSTICE.—This was an action by Henry C. House against the widow and heirs of F. Telschow, deceased, to recover on a promissory note, and to foreclose an original contractor's lien upon certain lots in the city of Houston for material furnished to erect a dwelling house thereon.

The note and contract were executed by F. Telschow in his life-time, and in order to confer jurisdiction on the District Court, the plaintiff averred that there had been no administration upon the estate of the said F. Telschow, nor any necessity for any.

Upon the trial below the plaintiff put in evidence the promissory note of F. Telschow and his wife, Catherine Telschow, for $600, dated September 3, 1890, due one year after date, with 10 per cent interest; the written contract of Telschow and wife of the same date showing that the note was for materials for building a dwelling house on their homestead, being lots 3 and 4 in block C of W. J. Hutchins' subdivision of ten acres, lot 20, of the Holman survey in the city of Houston, which is the same property described in the petition and judg-

ment, and giving a lien thereon as security for said material. Said contract was duly acknowledged and recorded. It was shown that F. Telschow was dead. The court found, without any evidence having been introduced to that effect, that no administration had been had on Telschow's estate, and that there was no necessity for any. There was no proof that the defendants were the heirs of F. Telschow. Judgment was rendered in favor of the plaintiff, determining the amount of the debt, and ordering the sale of the property for the satisfaction thereof, and it was ordered that no further execution should issue against any of the defendants.

A reversal of the judgment of the court below is sought upon the ground that no fact was alleged and proved that would confer jurisdiction upon the District Court of plaintiff's cause of action, because there was no administration upon the estate of F. Telschow, deceased; and the further ground, that there was no proof that defendants were the heirs of deceased. Other objections were urged, which do not require notice.

The evidence showed that the premises upon which the lien was foreclosed were the homestead of the deceased; that the family moved into the dwelling house after it was finished, and lived in it afterwards. There is nothing to show that the premises ceased to be the homestead of the family before the death of Telschow. If they were the homestead at the time of his death, and it is to be inferred they were, they formed no part of the estate to be administered by the County Court, and the District Court had jurisdiction to foreclose the lien. Were there sufficient allegations in the pleadings to support the proof that the premises were the homestead? Plaintiff did not allege specifically that the premises were the homestead and were such at the death of Telschow, but from his petition it appears, though not affirmatively, that the premises became the homestead and were occupied as such, and from the answer that the defendants had not received any property belonging to the estate of the deceased except the homestead. We may infer from the petition and answer that the homestead upon which the lien was sought to be foreclosed was the homestead of the deceased, which remained in the possession of the defendants after his death. The pleadings were sufficient to support the proof that the premises were the homestead, which fact gave the District Court jurisdiction. It was shown that Telschow had a wife and was the head of a family. Defendants did not plead that they were improperly joined in the suit, but on the contrary admit that they came into the possession of the homestead. No personal judgment was rendered against them for the debt; there was only a foreclosure upon their interest in the property. The failure to prove, as alleged, that they were the heirs of F. Telschow does not require a reversal of the judgment.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered June 20, 1895.