MRS. ELLA WILLARD ET AL. MRS. D. A. CLEVELAND.

Delivered November 19, 1896.

**1. Evidence—Primary and Secondary.**

The note sued on stated that it was given "as a last payment on house and lot in Bivens, Texas." The petition alleged that, at the time it was given, a deed was executed describing the property sold. At the trial this deed was not produced or accounted for. Held, that it was error to permit a witness who was present when the note was delivered to testify that it was given in part payment for the land described in the petition, since the deed was the best evidence.

**2. Parties to Suit—Administrator Appointed Pending Litigation.**

An administrator of the estate of a vendee appointed during the pendency of an action against his heirs to foreclose the vendor's lien, must be made a party to the suit.

**3. Qualification of Administrator—Collateral Attack.**

The action of the Probate Court in extending the time in which an administrator shall qualify cannot be collaterally attacked.

APPEAL from Cass. Tried below before Hon. JOHN L. SHEPPARD.

*O'Neal & Allday*, for appellants.—1. Where a purchase money note in itself does not show facts constituting the lien, it is necessary to in-.

troduce the deed as the best evidence of the facts constituting the lien, or account for its nonproduction. Farmer v. Simpson, 6 Texas, 303.

2. The District Court has no jurisdiction to order the land of a decedent sold, pending an administration upon the estate of such decedent. Mortgage Co. v. Jackman, 77 Texas, 622; Bradford v. Knowles, 86 Texas, 505.

*O'Neal & Culberson* and *Figures & Pruit*, for appellees.—1. The court did not err in permitting appellee to prove by George Austin that the note sued on in this cause was given in part payment for the land on which appellee foreclosed her vendor's lien. 79 Texas, 661; 77 Texas, 489; 57 Texas, 658.

2. The court did not err in rendering judgment foreclosing the vendor's lien on the land described in plaintiff's petition. Busby v. Bush, 79 Texas, 661; Aycock v. Trammel, 77 Texas, 489; Hicks v. Morris, 57 Texas, 658; Behrens v. Dignowitty, 4 Texas Civ. App., 201.

WILLIAMS, Associate Justice.—Appellee brought this suit against appellants, the widow and children of G. E. Willard, deceased, upon a note executed by him in his life time, to secure a foreclosure of the vendor's lien upon a house and lot in the town of Bivens, for the purchase money of which the note was alleged to have been given. The petition was filed January 24, 1894, and alleged that Willard died intestate September 1, 1892, and that there was no administration on his estate, and no necessity for such administration. Defendants in their answer alleged that there were other debts against the estate of decedent, and that an administration had been granted since the institution of this action and was still pending, which facts were pleaded in abatement of the action. In reply to this, plaintiff filed a supplemental petition alleging that Mrs. Willard, the administratrix appointed by the County Court, failed to give bond and qualify within the time required by law, and that no other appointment was made, but that the time was extended by the court within which she might give bond, and that she had then given the bond and taken the oath; that all of this was done after this suit was instituted, for the purpose of defeating the jurisdiction of the court.

No facts were alleged to show that there was no necessity for an administration on Willard's estate. The evidence showed that a number of debts besides this one existed against the estate; that after Willard's death, Mrs. Willard talked of administering, but abandoned the idea, because it was considered too expensive, as the debts (besides this one, of the existence of which Mrs. Willard was ignorant) could be arranged without it; and that the administration was taken out in consequence of this suit. The widow was appointed administratrix by the County Court at the May term, 1894, but failed to qualify within 20 days; and at the August term, 1894, time was extended in which she might qualify, and she gave bond and took the oath accordingly.

The note sued on stated that it was given "as a last payment on house and lot in ·Bivens, Texas." The petition alleged that, at the time it was given, a deed was executed by the vendor to Willard, describing the property sold. At the trial this deed was not produced or accounted for, but plaintiff was permitted, over objections of defendants, to prove by a witness that he was present when the note was delivered, and that it was given in part payment for the land described in the petition.

We are of the opinion that the admission of the evidence last above stated was error. The note gave no data by which the land for which it was given could be identified. It was therefore necessary for the plaintiff to show what land was sold by other evidence, and for this purpose the deed was the primary evidence. Farmer v. Simpson, 6 Texas, 303. Had the note stated particulars by the use of which the land for which it was given could be ascertained, parol evidence would have been admissible to apply the description, and to show that it identified the same land described in the petition. Busby v. Bush, 79 Texas, 661; Aycock v. Trammel, 77 Texas, 489; Hicks v. Morris, 57 Texas, 658; Behrens v. Dignowitty, 4 Texas Civ. App., 201.·

The evidence admitted, in cases such as those cited, goes only to the identification of the land, by employing descriptive terms used in the note; and when the note describes the land, production of the deed is not essential. But here the evidence was offered to show what land was sold when the note did not describe it. Hence, under the principle of the first decision, the deed was the best evidence. It furnished one of the terms of the sale not fully expressed in the note.

It is not clear that plaintiff is not entitled, under the decision in the case of Solomon v. Skinner, 82 Texas, 345, to proceed to judgment, if he will make the administratrix of the estate a party; but we think that, even under that case, when an administration is taken out pending such an action, the administrator should be made a party and allowed to contest the asserted debt and lien, and, in the case of their establishment, to have the judgment certified to the Probate Court for enforcement. The case of Solomon v. Skinner differs from this in some particulars. It was an action brought against the ancestor before his death. The District Court acquired jurisdiction, and could properly proceed to judgment after the representatives of the deceased defendant were made parties. The appointment of an administrator would not have ousted the jurisdiction, but would have affected only the form of the judgment and the mode of its enforcement. There being no administration, the heirs were brought in as defendants, and the question, as stated by the court, was, "Did the District Court have power to proceed to judgment and to order a sale of the land for the payment of the debts, without contravening the policy of the probate laws?" The court, being of the opinion that as there was no administrator, and as creditors would not probably be affected by the judgment, answered the question in the affirmative.

That was a suit properly brought in the first instance, and the question was as to the parties necessary to enable the court to proceed. It could have proceeded though there was an administration, but might have had to certify its judgment for execution to the County Court. At least, the court seems to concede that such would be the proper course to take in such a case. Here the suit was brought originally against heirs, and the question is whether or not it could be maintained against them under the circumstances shown. It is difficult to see why it could not be brought against them in the one case as well as it could be prosecuted against them in the other; but as the case cited is an exceptional one, and therefore to be cautiously followed, and, as our opinion upon the question cannot finally settle it, we deem it best not to undertake to do so. We think it is, however, true that if the case is to proceed, the administratrix must be made a party in her capacity as such. The County Court had the power to allow the further time for qualification. Her failure to qualify within twenty days did not necessitate a revocation of her appointment, and the action of the County Court permitting her to qualify at a later date cannot be collaterally attacked. Revised Statutes, art. 1891.

There is no allegation or proof that the property constituted the homestead of the deceased, which would not be subject to administration. Telschow v. House, 32 S. W. Rep., 153.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*