## STANDARD PAINT CO. v. SAN ANTONIO HARDWARE CO.

(Court of Civil Appeals of Texas. March 8, 1911. On Motion for Rehearing, May 10, 1911.)

1. APPEAL AND ERROR (§ 1040*)—REVIEW—HARMLESS ERROR — PLEADINGS—EXCEPTION TO ABANDONED PLEADING.

The overruling of a special exception to plaintiff's petition which was subsequently abandoned and an amended petition substituted is harmless error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

2. CONTRACTS (§ 349*)—ACTION FOR BREACH—EVIDENCE—LETTERS.

In an action for the breach of an express contract, a letter written by the defendant which did not evidence the contract is admissible as a part thereof to show the transaction between the parties.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1781–1818; Dec. Dig. § 349.*]

3. CUSTOMS AND USAGES (§ 18*)—PLEADING—DECLARATION ON EXPRESS CONTRACT AND EVIDENCE OF CUSTOM.

Where a plaintiff has declared upon an express contract made by defendant to refund freight charges paid by plaintiff without alleging any custom of refunding, evidence of such custom is inadmissible.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 40; Dec. Dig. § 18.*]

---

**4. CUSTOMS AND USAGES (§ 15\*)—EXPLANATION OF TERMS OF CONTRACT.**

While it is not permissible to contravene or vary the plain terms of a contract by evidence of a custom, where the custom does not contradict the terms of the contract, and is not inconsistent therewith, it may be shown to introduce a new incident not expressly embraced in the contract and in reference to which the parties are presumed to have contracted; and a return of goods by a vendee would be affected by a general custom to refund to the vendee the freight charges paid by him on the goods returned, and confer the right to a recovery of the same in the absence of a stipulation in any contract upon the subject.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 30–33; Dec. Dig. § 15;* Evidence, Cent. Dig. §§ 1945–1952.]

**5. CUSTOMS AND USAGES (§ 5\*) — EXPLANATION OF CONTRACT—GENERAL CUSTOM.**

A custom set up in explanation of a contract must be a general custom.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 4; Dec. Dig. § 5.*]

**6. EVIDENCE (§§ 324, 482\*)—EVIDENCE AS TO EXISTENCE.**

A general custom set up in explanation of a contract must be shown by direct testimony, and not by opinion or reputation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1218–1229, 2255; Dec. Dig. §§ 324, 482.*]

**7. CUSTOMS AND USAGES (§ 20\*)—EVIDENCE AS TO KNOWLEDGE OF CUSTOM.**

Where a custom is set up to explain or qualify a contract, it must be shown that it was known to the party sought to be charged with it, or that it was of such well-known character as to warrant an inference that it was known to him.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 41–46; Dec. Dig. § 20.*]

**On Motion for Rehearing.**

**8. APPEAL AND ERROR (§ 1177\*)—REVERSAL—NECESSITY FOR NEW TRIAL—FAILURE TO INTRODUCE EVIDENCE SUFFICIENT TO AUTHORIZE RECOVERY.**

Where plaintiff declared on an express contract and relied on a custom, but did not make sufficient proof of the custom although he had opportunity to make proof if he had any, there is no necessity for a new trial, and the judgment for plaintiff may be reversed and judgment rendered that plaintiff take nothing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4620; Dec. Dig. § 1177.*]

Appeal from Bexar County Court; Phil. H. Shook, Judge.

Action by the San Antonio Hardware Company against the Standard Paint Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Cocke & Cocke, for appellant. Keller & Keller, for appellee.

JAMES, C. J. The second amended petition of the San Antonio Hardware Company, filed February 7, 1910, alleged that on or about February, 1908, J. N. Richards, the agent of the defendant (appellant), entered into an agreement, whereby plaintiff was to make a certain payment by check for certain goods disposed of and to return certain goods to defendant; that on February 18, 1908, plaintiff remitted the check, and on or about March 13th returned all of the unsold goods to defendant, and it was further agreed by the defendant, acting through said agent, to pay plaintiff all money paid out by it for freight charges, amounting to $252.39, which sum defendant refuses to pay. The second amended answer, filed January 18, 1910, contained a number of special exceptions (not pertinent here because not addressed to the second amended petition filed later), general denial, setting up lack of failure of consideration, and asked for damages by reason of the wrongful issuance of a writ of garnishment. Upon a trial there was a verdict for plaintiff for $252.39 with interest and costs.

[1] The subject of the first assignment of error is the overruling of a special exception to plaintiff's petition, which was to a pleading abandoned and substituted by an amended petition, and was not addressed to the latter.

The second assignment relates to another exception under the same circumstances.

[2] The third assignment complains of error in the court permitting plaintiff to introduce in evidence as a contract a letter written February 11, 1908, by Richards, manager of defendant company, over the objection that said letter was not an agreement to pay the freight charges sued for, and there was no allegation in plaintiff's pleading justifying its introduction. The letter reads: "New York, February 11th, 1908. San Antonio Hardware Co., San Antonio, Texas—Dear Sirs: We acknowledge receipt of your letter of February 3rd, in which you acknowledge receipt of statement sent you by our assistant treasurer, January 30th, calling your attention to the fact that your account was past due. You have apparently entirely overlooked our letter of December 31st, which has never been replied to by you, and which was in acknowledgment of your letter of December 27th. We then advised you that we would have one of our representatives visit San Antonio shortly after the first of the year, to see what could be done to help you out in stimulating the sale of Ruberoid roofing, or perhaps arranging for some other dealer to handle it. We also asked for payment for all goods so far disposed of by you and a list of your stock remaining unsold. If you will send us a check by return mail for the full amount of goods sold to date we will at once arrange for the disposal of the balance of the stock remaining. Therefore, please send with your check the exact account of the stock remaining, and we will adjust this to suit you." This was an action declaring upon an express agreement entered into by defendant to refund to plaintiff all freight charges it had paid out on the goods. The letter did not evidence any such contract, though it was admissible

to show the transaction between the parties as a part thereof.

[3] The only evidence which we find, or which can be claimed to evidence a contract to repay to defendant the freight charges, is certain testimony of S. L. Jeffers which is the subject of the fourth assignment of error, and is as follows: "Question: I will ask you, Mr. Jeffers, is it customary when returning goods that are unsold to be allowed the freight where you turn them over to somebody in the same community? Ans. It is customary in some cases, and then in some cases it is not the custom. In a case of this kind, I would say it would be a custom because the goods were delivered here and sold and a part of the goods sold right here in this town."

The testimony of Mr. Jeffers, the president of plaintiff company, is referred to in full by appellee as evidencing, by the acts and conduct of the parties, an agreement to allow the freight which plaintiff had paid from New York to San Antonio, in reference to the goods which were returned; this being what is sued for. This testimony we have carefully gone over, and we think it is insufficient to show an agreement on the subject. The above testimony of Mr. Jeffers as to the custom in such cases is all that tends to show an obligation on the part of defendant to allow the freight.

The said fourth assignment complains of the overruling of an objection to said testimony of Mr. Jeffers concerning custom, upon the ground that there was no allegation of the custom. This objection was well taken. See Moore v. Kennedy, 81 Tex. 144, 16 S. W. 740; Creager v. Douglass, 77 Tex. 487, 14 S. W. 150; Anderson v. Rogge, 28 S. W. 106. This, of course, necessitates a reversal of the judgment.

We overrule the fifth assignment of error; the testimony referred to therein being inadmissible.

It is unnecessary, in view of a reversal, to discuss the remaining assignments.

The transaction in question was substantially as follows: Plaintiff bought certain goods from the Standard Paint Company, and, finding itself unable to handle or dispose of the goods as expected, it applied to defendant to restore the unsold goods, and it was agreed, as alleged in the petition, that plaintiff would pay for the goods disposed of and return the remainder, which was done. This suit is to recover of defendant the freight charges which defendant had paid in reference to the returned goods. Upon this subject the contract was silent.

[4] A custom is not permitted to contravene or vary the plain terms of a contract. But where it does not contradict or is not inconsistent with the terms of a contract custom may introduce a new incident, not expressly embraced in the contract and in reference to which the parties are presumed to have contracted. Moore v. Kennedy, 81 Tex. 146, 16 S. W. 740, citing Lawson on Usages and Customs, 371. We are of opinion that such transaction for the return of goods would be affected by a general custom, if any, to restore to the vendee the freight paid by him on the goods, and confer the right to a restoration of the same, in the absence of a stipulation in the contract on the subject.

[5-7] But it is well settled that the custom must be a general and well-known one; that it must be shown by direct testimony, and not by opinion or reputation; and that it was known to the party sought to be charged with it, or that it was of such notorious character and under such circumstances as to warrant the inference that it was known to him. Railway v. Fagan, 72 Tex. 130, 9 S. W. 749, 2 L. R. A. 75, 13 Am. St. Rep. 776.

Reversed and remanded.

### On Motion for Rehearing.

This cause was remanded in view of appellant's cross-action for damages. In the present motion plaintiff expresses willingness to waive this and asks that judgment be rendered here.

Plaintiff's case as alleged failed of proof, as explained in the opinion.

There was no cause of action based on custom. But the trial court held upon objection to the testimony offered of custom that it was not necessary to allege it, hence appellee might contend that, but for this ruling, it would have asked to file a trial amendment.

[8] Granting this, the proof relied on was clearly insufficient to prove a custom, and there was nothing to prevent plaintiff from making further proof on the subject, if it had any. Under these circumstances, plaintiff would not be entitled to a new trial on the theory that it might on another trial make sufficient proof of custom. Maverick v. Routh, 7 Tex. Civ. App. 669, 23 S. W. 596, 26 S. W. 1008.

We conclude that the motion should be granted, the judgment reversed, and judgment rendered here that plaintiff take nothing.