BAILEY v. CULVER.   (No. 5477.)

(Court of Civil Appeals of Texas. Austin.
April 14, 1915.)

1. CHATTEL MORTGAGES ⬅⬆87—FILING—SUFFICIENCY.

Where a mortgaged hay press was situated in a field within one county, the registration of the mortgage in that county was sufficient notice, even though the property was occasionally moved into an adjoining county, the field lying partly in both counties.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 162–165; Dec. Dig. ⬅⬆87.]

2. CHATTEL MORTGAGES ⬅⬆269 — FORECLOSURE.

A chattel mortgage may be foreclosed by action, though containing no power of sale.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 553, 554; Dec. Dig. ⬅⬆269.]

3. REFORMATION OF INSTRUMENTS ⬅⬆19 — POWER OF COURT OF EQUITY.

Where, through mutual mistake, a chattel mortgage misdescribed the note securing the debt, equity will award reformation.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74–78; Dec. Dig. ⬅⬆19.]

4. CHATTEL MORTGAGES ⬅⬆272—SUFFICIENCY—DESCRIPTION.

Where a chattel mortgage correctly described the debt, but erroneously set up the giving of two instead of a single note to secure the entire amount, the error was immaterial, the debt being the real thing secured, and foreclosure could be had.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 559; Dec. Dig. ⬅⬆272.]

5. CHATTEL MORTGAGES ⬅⬆178—MORTGAGED PROPERTY—CONVERSION.

Where a second mortgagee foreclosed his lien and bought in the mortgaged property, denying the rights of the prior chattel mortgagee, there was a conversion and he was liable for the purchase price.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 358, 359; Dec.Dig. ⬅⬆178.]

6. CHATTEL MORTGAGES ⬅⬆178—MORTGAGED PROPERTY—JUDGMENT.

Where a subsequent chattel mortgagee converted the property, sums collected from him should be credited on the judgment against the mortgagor, while sums collected from the mortgagor should be credited on the judgment against such mortgagee.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 358, 359; Dec.Dig. ⬅⬆178.]

Appeal from Lampasas County Court; M. M. White, Judge.

Action by X. A. Bailey against D. Culver, Jr., and another, begun in justice court and appealed to the county court. From a judgment for the named defendant, plaintiff appeals. Affirmed in part, and in part reversed and rendered.

H. F. Lewis and Word & Walker, all of Lampasas, for appellant. J. C. Abney and Matthews & Browning, all of Lampasas, for appellee.

Findings of Fact.

JENKINS, J   On February 26, 1909, appellant sold to L. East a hay press and some other implements for, among other considerations, a promissory note for $170, due November 28, 1909. East executed a mortgage to secure the payment of said note, which was, on December 18, 1909, filed for record in Lampasas county. The hay press, at the time of the execution of said mortgage, was in Lampasas county in a field, a portion of which was in Burnet county. The court found that: "The residence on said farm occupied by said East being partly in Burnet and partly in Lampasas county."

The mortgage referred to is as follows:
"State of Texas, County of Lampasas.

"For the purpose of securing X. A. Bailey in the sum of $170 which I owe him, I hereby sell and mortgage to him the following personal property, to wit: One Admiral hay press, and all parts pertaining to the hay press this day bought of X. A. Bailey, all of Burnet county, Texas. Also mower and rake, one double disc plow, one double buggy and harness, also bought of X. A. Bailey; and should I fail to pay the said debt on or before, first note for $50, due June 1, 1910, second note $120, due November 1, 1910; I hereby authorize the said mortgagee or his assigns to sell said goods and chattels, after ten days' notice, at public sale, and to apply the proceeds first to the payment of said debt and all expenses incident thereto, and then to pay over to me the surplus money, if any remains. In witness whereof, I hereunto set my signature, this the 26th day of February, 1909."

The debt of $170 mentioned in this mortgage was part of the purchase price of said hay press and other implements. The note given for said debt was for $170, due November 28, 1909, and there were in fact no notes for $50 and $120, respectively, as recited in said mortgage. Appellee alleged that in fact the agreement was to pay off said note for $170, $50 the 1st of June and $120 the 1st of November, and that the draughtsman, by mistake, referred to said payments as notes, and that this part of the mortgage was executed by mutual mistake, and asked that same be reformed. The evidence sustains these allegations. On August 20, 1912, said East executed to D. Culver, Jr., a mortgage on said hay press, to secure the payment of a note in the sum of $97.70, said mortgage containing this recital: "It being understood that this is a second lien upon the hay press, that the first lien does not exceed $50." Culver brought suit upon the last-mentioned note, foreclosed his lien on said press, bought the same at the sale thereof, and subsequently sold it for $150.

This case was originally tried in the justice's court. There was judgment for appellant against East in the sum of $148.50, balance due on the note from East to Bailey referred to, and judgment in favor of Culver, who was made party defendant upon the allegation that he had converted the hay press to his own use, and upon appeal to the county court there was judgment in favor of appellant against East for the sum of $151.50, and judgment in favor of the defendant D. Culver, Jr.

Opinion.

[1] This case was tried before the court without a jury. The grounds upon which the court rested its judgment may be ascertained by reference to its conclusions of law. The court filed the following conclusion of law:

"I conclude that the registration of said mortgage in Lampasas county, Tex., was not notice to D. Culver, Jr., actual or constructive, of any lien held by X. A. Bailey on said property," etc.

This conclusion of law is evidently based upon the finding of the court that at the time the mortgage from East to Bailey was executed the hay press was "temporarily in Lampasas county." The evidence shows that it was in a field which East was cultivating as tenant, and in that portion of said field which was situated in Lampasas county. The evidence further shows that this hay press was in that same portion of said field when Culver brought his suit, two years thereafter, and there is no evidence that it was out of Lampasas county between these periods, except temporarily being used in Burnet county, near the line, for baling hay. The situs of personal property is, in a sense, always temporary; if it should become fixed to the soil it becomes a part of the realty. The hay press being situated in Lampasas county at the time the mortgage was executed, said mortgage was properly recorded in Lampasas county, and such registration was constructive notice to Culver and all other parties. R. S. art. 5655; Burlington State Bank v. Marlin Bank, 166 S. W. 499; Brinberry v. White, 167 S. W. 205; Oxsheer v. Watt, 91 Tex. 402, 44 S. W. 67.

[2-4] The court also filed the following conclusion of law:

"I conclude as matter of law that the mortgage securing the note sued upon by X. A. Bailey is void and of no effect, because the same misdescribed the debt secured."

The mortgage, in so far as it conveys the property for the purpose of securing the debt, does not misdescribe the note sued upon. That portion of the mortgage empowering the mortgagee to sell describes the debt as two notes instead of one. This is not a case where sale is made under the power, but where the court is asked to foreclose the mortgage, which might have been done had the power of sale been omitted, and such power of sale, so far as this case is concerned, is immaterial. But if such misdescription had been material, equity, upon a proper showing of mutual mistake, would have reformed and enforced the mortgage, and the evidence in this case was sufficient to justify such reformation. However, we deem the error as to describing the debt immaterial, for the reason that it was the debt, and not the note, that was secured by the mortgage. Aycock v. Trammell, 77 Tex. 487, 14 S. W. 147; Meyer Bros. v. Rather, 30 S. W. 812; Simon v. Ash, 1 Tex. Civ. App. 202, 20 S. W. 719.

In Meyer Bros. v. Rather, supra, the court quotes with approval from Cobby on Chattel Mortgages, as follows:

"The validity of a mortgage depends on the genuineness of the debt which the mortgage is to secure, and not upon the description of the debt contained in the mortgage. * * * A misdescription of the note given as evidence of the debt, in the chattel mortgage securing the same, is not a fatal error, and does not avoid the mortgage."

[5, 6] The undisputed evidence showing that appellant had a valid mortgage upon the hay press, duly registered in Lampasas county prior to the mortgage upon same given to D. Culver, Jr., and further showing that said Culver had sold said press for $150, thereby converting the same to his own use, the court should have rendered judgment in favor of appellant and against appellee Culver, Jr., for the value of said hay press from the date of conversion, which exceeds the amount for which appellant recovered judgment against East, for which reason the judgment of the trial court in favor of appellant and against East for the sum of $151.-50, with 10 per cent. interest thereon from the 26th day of August, 1914, is affirmed; and the judgment of said court that appellant take nothing as against appellee D. Culver, Jr., is reversed and here rendered in favor of appellant, so that he shall recover judgment against said Culver for $151.50, with 6 per cent. interest thereon from December 20, 1912, not to exceed, however, the amount for which judgment is herein rendered against East, and whatever amount is collected, whether the same be from East or from Culver, shall be credited on appellant's judgment against East, and be a pro tanto payment on the judgment against Culver.

Affirmed in part and in part reversed and rendered.