PANHANDLE CONST. CO. v. WISEMAN
et al.

No. 4794.

Court of Civil Appeals of Texas. Amarillo.

Sept. 27, 1937.

Rehearing Denied Oct. 25, 1937.

Robt. A. Sowder, of Lubbock, for appellant.

C. R. Flesher, of Canyon, for appellees.

STOKES, Justice.

This suit was instituted in the district court of Randall county on the 16th of September, 1935, appellant, as plaintiff, seeking to recover of appellees upon a paving certificate and lien issued by the governing authorities of the city of Canyon City against

a portion of block No. 14 of the Victoria addition as security for an assessment made against appellees in the sum of $696, the cost of paving the street in front of the property owned by appellees. The assessment and certificate are in regular form and no complaint is made in this appeal concerning the action of the city in making the assessment nor in issuing to appellant the paving certificate.

The governing authorities of the city determined, on January 30, 1928, to pave the street and, on that date, entered into a contract with appellant to construct the pavement, the paving certificate being made payable to appellant and accepted by it as part of the consideration for constructing the pavement. The assessment and the certificate were in all respects apparently sufficient to constitute a lien upon the property of appellees if the same were subject to such a lien under the laws of the state.

On the 18th day of August, 1936, appellees filed their first amended original answer upon which the case went to trial, and in which they pleaded the general issue and specially that appellees, J. A. Wiseman and Nellie Wiseman, were married to each other in 1889, in the state of Missouri, and had since continuously lived together as husband and wife, and were so living together when the pleading was filed. They alleged that they purchased the property in Canyon City about the 16th of August, 1919, and it was conveyed to Nellie Wiseman, but paid for with community funds. They further alleged that the property was purchased by them for use as a homestead and that they were using the same and had claimed it as their homestead at all times since the 16th of August, 1919.

■ There was no contract or instrument of any kind executed by appellees which created a lien on the property, hence, if appellant has a lien, it is by virtue of article 1105b, Vernon's Annotated Civil Statutes.

The evidence shows that the property in the Victoria addition to Canyon City was purchased by appellees during the year 1919. At that time they owned some three sections or more in Hartley county, and were then residing upon section 86 in that county where they, with their family of children, had resided for a number of years. In August, 1920, they moved from section 86 in Hartley county to the property in Canyon City, and lived there about 2½ years, at which time they moved back to the farm on section 86 in Hartley county, where they

remained until the month of August, 1927. They then returned to the property in Canyon City and, with their family of children, resided there until the spring of 1932, when they moved to Channing, in Hartley county, and lived in a rented house there until 1935, when they returned to the Canyon City property, and have since lived there.

The case was tried before the court without a jury, and on the 23d of September, 1936, the trial judge entered judgment in favor of appellant against the husband, J. A. Wiseman, for the total sum of $689.82, and all costs of suit, but denying appellant foreclosure of its claimed assessment lien on the property, canceling the same, and removing any cloud cast upon appellees' title by virtue of the assessment and issuance of the paving certificate.

Appellant excepted to the judgment and has brought the case before this court upon four assignments of error, all of which are substantially covered by the first, which assigns error of the trial court in determining the property in Victoria addition to Canyon City was the homestead of appellees at the time the city authorities determined to pave the street in front of same and passed the ordinance providing for the assessment lien and the paving certificate.

■■ The assignment is based upon the contention of appellant that, it having been shown by the testimony and admitted by appellees, that, before they purchased the property in Canyon City, they owned section 86 in Hartley county and, with their family, resided upon it in such manner as to impress it with the homestead character, they are not entitled to the homestead exemption in the Canyon City property until it is first satisfactorily established that they had abandoned the homestead, as such, on section 86 in Hartley county. There is in the record no evidence which goes to show an abandonment of the homestead on section 86 other than that which tends to prove the positive fact that they established their homestead on the property in Canyon City. The undisputed evidence shows that appellees purchased the Canyon City property in the year 1919 for a home and that they, with their family of children, moved there in August, 1920. It is shown they remained there 2½ years and then went back to Hartley county and lived on section 86 again for some 4 years. It is conclusively shown by the evidence that in August, 1927, they returned to the home at Canyon City and lived there until the spring of 1932. The governing

authorities of Canyon City determined, on January 30, 1928, to make the improvement and levy the assessment. At that time appellees, with their family of children, were residing upon the Canyon City property, and there is no rule of law better established in Texas than that possession and use of real estate by one who owns it, and who, with his family, resides upon it, makes it the homestead of the family in law and in fact, and it has been repeatedly held by the courts of this state that the best evidence of the abandonment of a former homestead is the fact that a new and permanent home has been acquired and appropriated as such. First Nat. Bank v. Wallace (Tex.Civ.App.) 13 S.W.2d 176; Bayless v. Guthrie et al. (Tex.Com.App.) 235 S.W. 843.

The testimony in the case does not bring out the details of the removal of the family from section 86 in Hartley county to the Canyon City property but, as stated above, it is conclusively shown that the family moved to the Canyon City property, and it will be presumed, in the absence of a showing to the contrary, that, in doing so, they moved their household furniture and all articles which were used in the home. If they did, the conclusion follows that the homestead on section 86 was thus abandoned. There is no fact shown in the record which would warrant the least suspicion that only a portion of the household furniture was moved to Canyon City and the remaining portion of it remained in the home on section 86. The evidence shows that J. A. Wiseman continued to own his land in Hartley county, and spent a large portion of his time there in cultivating the crops and attending to his livestock. It is also shown that he spent more of his time there during a portion of each year than he did at Canyon City, but it is not shown that, during those times, he lived in the house that had theretofore been occupied by the family as a homestead, nor that he intended to move his family back to section 86 after a temporary residence at Canyon City. On the other hand, it is conclusively shown, and the trial court so found, that the family moved to the Canyon City property in August, 1927, and that the husband intended that they should continue to live there.

We think the property in suit was conclusively shown to have constituted the homestead of appellees at the time the governing authorities of Canyon City determined to pave the street in front of it, and at the time the contract was made with appellant to construct the pavement, and at the time the pavement was constructed, and that the lien which the governing authorities attempted to fix upon it was void and of no force or effect.

The trial court filed findings of fact and conclusions of law in which he found the facts to be substantially as above stated, and concluded that the purported lien was void. Not only is there no evidence which contradicts these findings, but the evidence is practically undisputed. His conclusions of law to the effect that the property was the homestead of appellees is the only rational conclusion that could have been reached from the facts in evidence. Hudgins v. Thompson et al., 109 Tex. 433, 211 S.W. 586; Walker v. Dailey (Tex.Civ.App.) 290 S.W. 813.

In its brief appellant makes the contention that the pleadings of the appellees were not sufficient to form the basis of a judgment in their favor or to raise the question of the invalidity of the purported paving lien. Appellees pleaded that the property was purchased by them for a homestead and that they were using the same on the 3d of March, 1928, and were using it as a homestead at the time the pleading was filed, and had claimed it as their homestead at all times since the 16th day of August, 1919. The governing authorities of the city determined on the 30th of January, 1928, to construct the pavement, and appellant's contention is that the pleading was not sufficient to raise the question of homestead on that date. The objection goes to the form of the pleading and is, therefore, not a matter that could have been reached by a general demurrer. When the form, as distinguished from the substance of a pleading, is the object of demurrers and exceptions, the latter should specify the grounds upon which they are based. This is necessary in order that the adverse party may have notice of the alleged defect and an opportunity to correct it. Exceptions going to the lack of particularity, irrelevancy, uncertainty, or that the pleading constitutes conclusions of the pleader, and the like, are included in this rule of pleading and, it not being shown by the record that appellant presented either a general demurrer or special exception to the pleading because of its being uncertain, indefinite, or wanting in particularity, the contention that it is not sufficient to form the basis of a judgment is untenable. Cocke v. Conquest et al. (Tex.Civ.App.) 2 S.W.2d 992; Telschow et al. v. House, 10 Tex.Civ. App. 671, 32 S.W. 153.

We think it may consistently be inferred from the pleading that the premises upon which the lien is sought to be foreclosed were the homestead of appellees at the time the purported lien was fixed, and that it was sufficient to support the proof offered by appellees to that effect.

We have carefully examined all of the assignments of error presented by appellant and are of the opinion that the judgment entered by the trial court was the correct and proper one and that no error is revealed by the record. The judgment will be affirmed.