## CENTRAL SURETY & INSURANCE COR-PORATION v. HANKINS.

### No. 10660.

Court of Civil Appeals of Texas. San Antonio.

May 8, 1940.

John Q. Adams, of Harlingen, for appellant.

Crane & Glarner, of Raymondville, for appellee.

NORVELL, Justice.

This action was brought by Hankins, appellee, against Central Surety and In-surance Corporation, appellant, as surety upon a bond executed in compliance with the Texas Agricultural Protective Act of 1937, Art. 1287—1, Vernon's Tex.Ann. Civ.St., which is applicable only to the Texas Citrus Fruit Zone defined by Acts 1931, 42nd Leg., p. 838, Ch. 350, Art. 1700a—2, Vernon's Tex. Annotated Penal Code.

Palm Valley Canning Company, the principal upon the bond, was not made a party defendant, it being alleged that said company was insolvent, and had been adjudicated a bankrupt.

The condition of the bond was that the principal would honestly comply with the provisions of the Agricultural Pro-tective Act and comply with all contracts made "in connection with the handling of citrus fruits and/or vegetables under said Act."

Appellee alleged that he had sold or delivered more than 300 tons of spinach to Palm Valley Canning Company; that there was a balance due him of $509.65, and that about 100 tons of this spinach, worth in excess of $509.65, was neither "dried, canned or preserved in any form, but was sold as gathered, except part of it was washed and iced."

Appellant pleaded an estoppel by judg-ment, contending that the position of ap-pellee in this case conflicted with that advanced by appellee in a former judicial proceeding instituted against the Palm City Canning Company which resulted in a judgment in favor of appellee for $509.-65. In the former case appellee took the position that the spinach involved had been sold or delivered for canning purposes. See Dunn v. Hankins, Tex.Civ.App., 127 S.W.2d 983.

Section 3 of the Agricultural Protec-tive Act (Sec. 3, Art. 1287—1, Vernon's Tex.Ann.Civ.St.), provides that:

"This Act does not apply to or include: * * *

"(b) Any person or exchange buying farm products for the purpose of resell-ing the same in dried, canned, or other preserved form."

Trial was to the court, and judgment rendered in favor of appellee. The trial court's findings of fact and conclusions of law contained the following finding: "That said spinach was not sold to be canned, dried or preserved in any form but the same was sold and delivered to

said canning company in its green natural state, and that the said Palm Valley Canning Company resold more than 100 tons of said spinach in its natural raw state, neither dried, canned or preserved in any form."

Appellant asserts that this finding is unsupported by the evidence. This contention must be sustained and this holding is fatal to the judgment. It is therefore not necessary to discuss appellant's special plea of estoppel by judgment.

It is undisputed that a large part of the spinach sold or delivered to the Palm Valley Canning Company by appellee was actually canned or processed. Appellant's evidence was that all of it was canned except the part which was unfit either for canning or sale in the natural state.

In determining the sufficiency of the evidence to support the finding, we must however view the testimony in the light most favorable to the appellee. J. M. Radford Grocery Co. v. Matthews, Tex.Civ.App., 78 S.W.2d 989; 3 Tex.Jur. 1063. Appellee's evidence was to the effect that some spinach was hauled away from the canning plant without being processed; that some of it may have been "junk" spinach, but probably part of it was fit for resale for human consumption in its natural state. This type of testimony was made the basis of a guess that about one-third of the 300 tons involved was hauled away from the plant. Appellee's witnesses did not testify that any part of the spinach hauled away from the plant was actually sold "as gathered" except for washing and icing.

The trial court's finding that more than 100 tons of said spinach was sold in its natural raw state is unsupported except by conjecture and surmise. This is insufficient, and it is therefore our duty to set aside the finding. Rieger v. Smith, Tex.Civ.App., 2 S.W.2d 883.

As appellee failed to prove that the transaction giving rise to his cause of action was one covered by the Agricultural Protective Act or the bond executed by the appellant, the judgment of the trial court will be reversed and judgment here rendered that appellee take nothing. Standard Paint Co. v. San Antonio Hardware Co., Tex.Civ.App., 136 S.W. 1150.

Reversed and rendered.