## J. W. BUSBY ET AL. v. W. H. BUSH.

### No. 2995.

1. **Fraud.** — See facts held insufficient to establish a defense to a suit upon two promissory notes retaining the vendor's lien upon alleged fraud by the payee in inducing the maker to sign them; it being also alleged in the answer that there was no lien because no sale of land, and that the notes were given with fictitious recitals and for a larger amount than was due.

2. **Deed Properly Excluded as Irrelevant.**—Suit on vendor's lien notes. Plaintiff, after reading the notes in evidence, offered a deed by a third party to the maker of the notes of date twelve months anterior to that of the notes, with recitals of verbal sales from the maker to one Hanks, and from Hanks to the payee in the notes, and by him to the maker, without any other testimony to the truth of the recitals or proof that the maker held under the deed. *Held,* the exclusion of the deed was not error.

3. **Competent Testimony to Identity of Land.**—In a suit upon vendor's lien notes, the description therein being general, the plaintiff is competent as a witness to testify to the identity of the land described in the petition with that in the lien notes. See example. The exclusion of the testimony is ground for reversal.

4. **Assignment of Error—Defective Charge.**—The only assignment of error attacking the charge in the record is that "the court erred in not charging the law applicable to the facts in this case." The charge being inapplicable to the real issues, is examined with reference to the effect upon the case had by the erroneous exclusion of testimony. Thereby the importance to the case of the excluded testimony is increased.

5. **Parol Sale of Land a Consideration for Note.** — Crutchfield v. Donathan, 49 Texas, 691, and Watson v. Baker, 71 Texas, 739, adhered to, that the maker of a note for land to which he has been admitted into possession and deed offered him can not plead want of consideration of the note merely because the sale was by parol.

6. **Sufficient Consideration.**—See transactions between the maker and payee of two promissory notes sued upon which evidence a consideration for the notes.

ERROR from Tyler. Tried below before Hon. W. H. Ford. The opinion gives the facts.

*S. B. Cooper,* for plaintiff in error.—1. The court erred in sustaining objections of defendant to the deed of conveyance from W. B. Cline to defendant, W. H. Bush, dated the 5th day of November, 1875. Said deed was offered in evidence for the purpose of identifying the land described in plaintiff's petition and to prove or tend to prove a conveyance from W. B. Cline to defendant, W. H. Bush, made, executed, and delivered by said W. B. Cline at the special instance and direction of the plaintiff John W. Busby.

2. The court erred in refusing to permit plaintiffs to prove by plaintiff J. W. Busby that the notes sued on and particularly described in plaintiffs' petition were given in payment for the said land described in plaintiffs' said petition. Van Alstyne v. Bertrand, 15 Texas, 177; Oliver v. Chapman, 15 Texas, 403; Wells v. Fairbank, 5 Texas, 584; Rev. Stats., arts. 1187, 1195.

The evidence offered was competent, proper, and the best evidence. Dougherty v. Eastburn, 74 Texas, 68; Hicks v. Morris, 57 Texas, 658;

Thorn v. Dill, 56 Texas, 145; Steinbeck v. Stone, 53 Texas, 382; Rogers v. McLaren, 53 Texas, 423; Robertson v. Guerin, 50 Texas, 317; Flanagan v. Cushman, 48 Texas, 241; Eborn v. Cannon, 32 Texas, 231; McConkey v. Henderson, 24 Texas, 212; McAlpin v. Burnett, 19 Texas, 498; Murray v. Able, 19 Texas, 213; Hart v. Moore, 19 Texas, 270; 1 Greenl. Ev., p. 105, *et seq*.

3.   The court erred in its charge to the jury in failing to charge the law applicable to the facts in this case, and in omitting to instruct the jury that the conveyance made by W. B. Cline to W. H. Bush at the special instance and request of plaintiff J. W. Busby would have the same legal effect as if the conveyance had been made by plaintiff Busby, and in such event the purchase price would enure to the benefit of and become the property of plaintiff J. W. Busby.

(1)   The charge virtually makes the plaintiffs' right to recover and foreclose their vendor's lien dependent upon the execution and delivery of a deed of conveyance by plaintiff J. W. Busby to defendant, W. H. Bush.

(2)   The charge omits to submit to the jury the main issue—i. e., were the notes given as the purchase price for the land.

(3)   The charge makes the controlling issue in the case one to which no evidence had been adduced, the said evidence having been excluded by the court, and misled the jury in finding their verdict.

(4)   The charge fails to instruct the jury as to the law applicable to the facts in this case.   Whitworth v. Alston, 65 Texas, 529; Cook v. Dennis, 61 Texas, 246; Joiner v. Perkins, 59 Texas, 300; Blanton v. Mayes, 58 Texas, 422; Altgelt v. Brister, 57 Texas, 432; Irvin v. Garner, 50 Texas, 48; Ellis v. Singletary, 45 Texas, 27; Pinchain v. Collard, 13 Texas, 336, and cases heretofore cited.

*West & Chester*, for defendant in error.— 1. On failure to traverse recitals.   Lanes v. Squyres, 45 Texas, 382; Ins. Co. v. Davidge, 51 Texas, 244.   On the other propositions.   Perry on Trusts, secs. 137, 140; Walters v. Jewett, 28 Texas, 194.

2.   The court properly excluded Busby's testimony offered to show that the notes were given for the purchase money for the land.   Posey's Civ. Dig., art. 9843; Joiner v. Perkins, 59 Texas, 300; Senter v. Lambert, 59 Texas, 259; Flanagan v. Cushman, 48 Texas, 244; Rev. Stats., art. 2464; Perry on Trusts, secs. 137, 140; Walters v. Jewett, 28 Texas, 194.

3.   The court did not err in failing to submit to the jury the issue of whether the notes were given for the purchase money for the land, because there was no testimony of any legal and valid sale of the land from which such lien could spring, and the charge conforms strictly to the pleadings and the evidence.   If it was proper to submit this issue plaintiffs should have requested a special charge thereon, and having failed to do so they will not now be heard to complain.   Ins. Co. v. Ice Co., 64

Texas, 578; Railway v. Leak, 64 Texas, 654; Davis v. Roosvelt, 53 Texas, 305; Cockrill v. Cox, 65 Texas, 669.

· MARR, JUDGE.—The statement of the nature of the case is from brief of plaintiffs in error.

"Suit was brought by plaintiff E. J. Busby, joined by her husband, John W. Busby, to recover of the defendant, W. H. Bush, the sum of $181.25 and interest, evidenced by two promissory notes each for the sum of $62.50 in gold, with 10 per cent interest on same from the respective dates of said notes, and to foreclose the vendor's lien on 50 acres of land, part of the L. Sapp survey in Tyler County, particularly described in plaintiffs' petition filed October 12, 1881. Trial was had at the June Term, 1887, of the District Court of Tyler County by a jury, and verdict rendered for defendant, and judgment thereon made and entered for the defendant."

· The notes were executed on October 14, 1876, and were transferred to the wife, Mrs. E. J. Busby, one of the plaintiffs, on January 1, 1887. The defendant gave the plaintiff J. W. Busby a lien on the land in controversy, as evidenced alone by the terms of said notes, as follows (first note):

"The same being given in part payment for a certain tract of 50 acres of land known as the Bush place, on which I now live, one and a half miles north of the town of Woodville, and I hereby acknowledge to constitute a lien upon said land.

[Signed]                                        "W. H. BUSH."

The second note acknowledges the lien evidently in the same terms, though as copied in the statement of facts the words "being given in part payment for a certain tract" in the note as set forth in petition are omitted, but is in these terms:

"The same being 50 acres of land known as the Bush place, on which I now live, one and a half miles north of the town of Woodville, and I hereby *acknowledge* the *same* to *constitute* a *lien* on *said land*.

[Signed]     ·                                  "W. H. BUSH."

There was no objection to the admission of the notes, and the slight discrepancies are likely due to the mistake of the clerk in preparing the transcript, the greater part of which was evidently made by "a new hand at the business." The petition alleged and relied upon the lien retained in the notes. The defendant pleaded that there was no lien on the land and that the allegation thereof by the plaintiffs was fraudulently made to give the District Court jurisdiction. Also pleaded failure of consideration, and in effect that in signing the notes he had been overreached and induced to do so by the plaintiff J. W. Busby, under the belief that no lien was reserved in the notes, but that the same were given for only so much money; that instead of being for the full amount, that they should have been credited or reduced in the amount of $95, the value of a mare

at $70 and of two cows and calves at $25, alleged to have been sold and delivered to the plaintiff by defendant, and accepted by the former as a part of the payment from defendant to plaintiff at the time of the execution of the notes; in other words, that the notes should have been drawn only for the balance, and that the notes were not given for the purchase money for the land (the inference being that he claimed that the notes were on account of some other transaction between the parties); that he, the defendant, was then and is now "*almost* wholly illiterate," and reposed special trust and confidence in plaintiff and "trusted the whole transaction to him," etc. That if the notes were in fact given for the purchase money of the land, then it was wholly paid by him at the time the notes were executed, and that plaintiff J. W. Busby had no title to the land, and that both of the plaintiffs are insolvent. These matters were pleaded separately in the answer.

The court below only submitted to the jury the questions as to the jurisdiction of the court and that of title. The jury rendered the following verdict:

"We, the jury, decide that there was no legal sale of the land made by plaintiff J. W. Busby. We therefore find a verdict in favor [of] defendant, W. H. Bush."

Some of the most material points do not appear very clearly from the evidence as given in the record. We insert all of the verbal testimony adduced upon the trial below as it appears in the statement of facts, viz.:

The defendant, W. H. Bush, testified: "That he sold the land described in plaintiff's petition for $100 by verbal sale, and was himself in possession of the land, and did not make plaintiff J. W. Busby a deed, or place him in possession. That he owed Busby $30 on a store account and took the store account and a roan mare for $80. That a few days after this, becoming dissatisfied with the trade, he proposed to Busby to *rue*, to which Busby agreed, if a satisfactory trade between them could be made. He then repurchased it from Busby for $150, and that there [then] Busby agreed to take the mare back for $70 and took two cows and calves, which witness delivered him, for $25, and that he, Bush, was to give his note for the balance of the $150, and that he delivered the plaintiff the mare; and plaintiff wrote the notes, and that the notes were either to be written for the $150 and credited by the $95 for the cows and mare or to be drawn for the $150 less the $95. That the defendant is illiterate and reposed trust and confidence in plaintiff, and did not know that the notes recited the vendor's lien or that the notes were given for purchase money, and was led to believe by plaintiff that the notes were either for $150 with credits thereon or were for $150 less said credits."

Cross-examined: "That he purchased the land and paid for it and took a deed [does not say from whom he purchased or took the deed] conveying to him, and that the *notes sued on* were given for *the balance*

*of the purchase money for said land,"* meaning doubtless the land described in the note.

Re-direct: "That said balance of purchase money for which the notes were given was due on *the last verbal* sale by Busby to defendant" (the witness).

Plaintiff J. W. Busby testified: "That the mare was not resold to him for part of the purchase money for said land. That he got the mare back from defendant, but that it was on some transaction independent of the land trade; but he could remember what [that] the notes sued on were given for the $150 less $25 for the cows and calves, according to his recollection."

This last statement of this witness corresponds with the total amount of the two notes and the value of the cows deducted from the agreed price of the land—the notes amounting in all to $125. We think it very evident that the evidence does not show conclusively that the plaintiff overreached and induced the defendant to sign the notes under the belief that they were not in terms as they now appear. The defendant might be "illiterate," as he says, but this is not tantamount to a statement that he could neither read nor write, or that plaintiff falsely read or explained the notes to him and thereby deceived and misled him as to their contents. This issue, however, was not submitted to the jury in the court below, as we understand the charge.

The plaintiff in error first assigns as error the ruling of the court in excluding the deed to the land from W. B. Cline to the defendant, W. H. Bush, dated November 5, 1875. The land out of which this controversy grows seems to be 50 acres out of the "L. Sapp survey." The above deed was executed by said Cline alone, and recited in effect that he had theretofore sold the land to John K. Hanks, and that Hanks had sold it to plaintiff J. W. Busby, and that said Busby had sold it to W. H. Bush, the defendant, but that all of these sales were *verbal* only; and that now "whereas all parties are now here present and consenting," he proceeds to make said deed, and describes the said 50 acres by metes and bounds in the deed.

The plaintiff, however, when he offered the deed did not prove or offer to prove the truth of any of these recitals, or that the defendant ever claimed or was claiming the land under said deed, nor that Cline himself ever had any right or title to said land. Outside of these recitals in the deed we find no proof in the record of any of these facts, if facts they are. True defendant swears that he took a deed to the land, but when and from whom is not made to appear; and there are some facts in the record from which it might be presumed, considering that the *deed* antedates the notes almost a year, that the sale of the land made by J. W. Busby to defendant when the notes were given was not the first sale of the land by Busby to defendant. Under such circumstances the relevancy of the deed to any real

issue in the case is not made to appear, and we do not think the court erred in excluding it, though it may perhaps be shown to be admissible upon another trial.    74 Texas, 356.

By the second assignment of error the plaintiffs question the correctness of the action of the court "in refusing to allow plaintiffs to prove by J. W. Busby that the notes sued on, etc., were given in payment for said land described in plaintiffs' petition."

The petition, after setting out the notes in full, etc., also described fully by metes and bounds the 50 acres of land which is alleged therein to be the same land as that mentioned in the notes upon which the lien is acknowledged.

The question was objected to by the defendant upon the following grounds, in effect:

1.    That no title was shown to have passed from plaintiffs to defendant, "defendant insisting that the evidence should come in its regular order, and that the deed plaintiffs had filed [Cline deed] among the papers had been excluded."

2.    "That the question assumed that such was the fact."

These objections amounted to nothing under the issues arising in the case.

The question, as shown by the bill of exceptions, was, as propounded to said witness, as follows:    Plaintiffs "asked said witness to examine the description of the land set forth in the petition and the notes sued on * * * and state whether or not said notes were given in payment for the land so described in the petition."

It is to be observed that the question was not objected to on the ground that it sought only to elicit the opinion of the witness; but however this may be, we think the plain purpose of the question was to permit the witness to examine the descriptions both in the notes and that as given more particularly and in addition thereto in the petition of the land on which the lien was attempted to be established, in order to show that both referred to the same land, and as a consequence that the lien reserved in the notes embraced the land as described in the petition.    This we think the plaintiffs were clearly entitled to do, and the form of the question is not subject to the objections made.    Aycock v. Trammell, 77 Texas, 487; 57 Texas, 661.

The description of the land as given in the notes amounts in law to what is termed a latent ambiguity, to remove which and identify the land extrinsic evidence is always admissible.    Had the suit been one for the purpose of reforming a deed on account of misdescription arising from mutual mistake, then the particular error should have been clearly alleged in the pleadings; but such is not the character of this suit.

On consideration of the whole case we have concluded that we would not be justified in holding this error as immaterial and harmless to the

plaintiffs.   It is true that the defendant in one portion of his testimony
admits that the notes " were given for the balance of the purchase money
due on the last verbal sale made by Busby to defendant," but this is not
proof conclusive of the existence or retention of the lien on the land de-
scribed in the petition, or that the notes and the other description, as
alleged in the petition, refer to the same identical land.   In another part
of his evidence he denies this fact and says such was not his intention.
The injury apparently done to the plaintiffs by this ruling will appear
clearer by a more extended statement of the case.

The court nowhere in its charge to the jury submitted the question of
a valid lien arising by virtue of the notes as therein plainly acknowledged,
but on this point simply instructed the jury to the effect that to consti-
tute a valid sale of land in this State it must be evidenced by an instru-
ment in writing, unless it is shown that the vendee has paid the purchase
money in whole or in part and been put in possession of the land.   While
this charge is more favorable (as to verbal sales) to defendant, if it were
applicable to the real issue in the case as made by the evidence, than he
had any right to, still we think it was not applicable, as the issues are
presented to us in the record, and it evidently led to the verdict rendered
by the jury.

But as to the charge as given, the assignment of error that "the court
erred in not charging the law applicable to the facts in this case" is too
general to authorize a revision of the charge, and we do not therefore
hold that the court committed a reversible error in its charge, but have
recited the above portion of the charge in order to show the importance
of the ruling of the court in excluding the proffered evidence.   Had this
evidence been admitted it is probable that the court would have given
an appropriate charge on the effect of the lien as retained, or rather ac-
knowledged, in and created by the notes.

The defendant has been at all times and still is in the possession of the
land which plaintiff sold him, though such sale was only verbal.   He
upon his part gave the notes for the purchase money, and therein and
thereby gave plaintiff a lien on the land mentioned in the notes to secure
their payment.   There is no issue as to the land being a homestead and
therefore not subject to the lien.   If there were such issue, the fact that
it is a homestead is not shown by the record.   There is no proof that the
defendant is a married man, or if a single one, then that he is the head
of a family.   We do not therefore express any opinion as to the validity
of the lien had the land been shown to be his homestead, or whether the
proof would justify the application of the exception made by the Consti-
tution in favor of the purchase money.

There is no assignment that the verdict is contrary to the law or the
evidence.

It is said that the weight of the authorities is to the effect that to take

the case out of the statute of frauds "the agreement or memorandum thereof required by the statute need not be signed by both parties but only by him who is to be charged by it;" or, as in this case, "where the action is brought upon a promissory note given by the vendee, although it may not be such a memorandum (?) as satisfies the statute, the maker can not avoid the note which he has given because he has omitted to bind the vendor," as he might have done before he delivered the notes. Crutchfield v. Donathan, 49 Texas, 691, cited with approval in Watson v. Baker, 71 Texas, 751.

That the failure to have the contract in writing affected only the consideration was held in that case, and that it could not be said that the consideration had failed if the vendor tenders a deed or if the vendee received and held possession of the land.

It may be that in such cases as the above, if it should appear that the vendor was in fact without any title to convey, whereby the vendee might probably be evicted, or if a valid outstanding title were shown as a defense which might disturb the vendee, and if he were ignorant of such facts when he purchased, he would not be compelled to accept a doubtful title, and consequently could resist payment of the notes. But such is not shown to have been the facts of the present case.

No issue is presented as to the failure of plaintiff to tender a deed, and it would seem that he offered the deed from Cline to obviate this difficulty, if it be one. The case above cited in many of its features is analogous to the case in hand. It is, however, not as strong in some respects as the present case on the side of the vendor. There no lien was expressly acknowledged and created by the note, as was done in the notes on which this action was brought. The note in that case merely recited that the consideration was the land conveyed, yet the judgment for the amount of the note and foreclosing the lien was affirmed, although the defendant therein specially pleaded the statute of frauds.

It seems that in suits like the present the action is on the notes and is not regarded as a suit on the contract to sell land. Crutchfield v. Donathan, 49 Texas, 691.

But to throw aside all rubbish and side issues, the case appears to be simply this and nothing more: Defendant got back from Busby all title (if any) that he had conferred upon Busby by the first verbal sale, and he knew exactly what kind of title that was. He induced Busby to "rue" the trade, and succeeded at least in changing the consideration and getting Busby to take as part payment property that did not pass at the first sale, viz., the two cows and calves. He still retains the land and enjoys all the benefits of the rescission. This, together with the fact that the first trade was "rued" or rescinded by mutual consent, but at the instance of the defendant, we regard as a sufficient consideration for the notes, aside from the return of the roan mare, about which the evidence con-

flicts. The notes, according to the weight of the testimony, were executed for the balance of the purchase money remaining after deducting the value of the cows and calves, and the defendant to secure the payment of said notes executed and made in the notes a lien on the land.

Now whether we regard the lien as technically a vendor's lien or simply a contract lien in writing executed by the defendant and created on the land, still we are unable to perceive any valid reasons why the notes and the lien can not now be enforced according to the contract between the parties and which was made by the defendant in writing. Of course we are discussing the case entirely as it appears in the record before us.

We conclude that for the error of the court in excluding the testimony of J. W. Busby, as before indicated, the judgment ought to be reversed and the cause remanded.

*Reversed and remanded.*