W. B. HONAKER ET AL. v. J. E. JONES.

No. 1864.    Decided December 2, 1908.

1.—Vendor's Lien—Express Lien—Mortgage.

The reservation of an express lien for the purchase money in a sale of property is equivalent in its effect to a mortgage thereon and renders the contract executory.    (P. 135.)

2.—Same—Sale of Real and Personal Property—Foreclosure.

Where lots with a livery stable and the horses, buggies, and property connected with the livery business were sold for a lump sum, secured by notes for which the vendor retained an express lien, the mortgage created thereby attached to the lots for the entire purchase price, and it was not necessary for the holder of the notes upon foreclosure to show what part of the purchase money secured was for the lots alone.    (Pp. 133-135.)

Question certified from the Court of Civil Appeals for the Fifth District in an appeal from Collin County.

Garnett & Houghston, Smith & Wilcox and D. P. Johnson, for appellant.—The livery stable outfit and land in question was sold for a lump sum of $6500, without any agreement as to the price of the livery stable outfit or the price of the land in question, and it is therefore impossible to know what portion of said notes were for realty and what portion of the same were for personalty, and the court could not therefore decree a foreclosure for the amount of said notes on said land.    Sutton v. Sutton, 39 Texas, 552; Warner v. Bliven, 127 Mich., 665; 3 Ballard on Real Property, sec. 771, p. 943, sec. 773; 29 Ency. of Law, (2d ed.), 745, notes, 2, 4, 5, 6, and 7; Griffin v. Byrd, 74 Miss., 32; Clark v. Stilson, 36 Mich., 482; Peters v. Tunnell, 43 Minn., 473; 28 Ency. of Law (1st ed.), 166, note 2; Betts v. Sykes, 82 Ala., 378; Jones v. Ball, 94 Ala., 529.

When a vendor seeks to enforce his lien for the collection of note which was given in part for land and in part for chattels or personal property, where such lien is expressly reserved in the note and the deed conveying the land, it is incumbent upon him, in order to have a foreclosure of such lien to show how much of the note was given for the land.    Swain v. Cato, 34 Texas, 398; Black v. Rockmore, 50 Texas, 98; Wasson v. Davis, 34 Texas, 159; 3 Ballard on Real Property, sec. 771, p. 940; 28 Ency. of Law (1st ed.), 166, note 2.

If in such case there was no agreement between the parties at the time of the sale fixing the value of the land or of the personal property, the vendor will not be allowed to show by proper evidence what proportion the value of the land bore to the whole of the property sold, and have his foreclosure on the land for such proportionate amount.    Same authorities; also 29 Am. & Eng. Enc. Law (2d ed.), 745, note 5.

The transaction does not constitute a contract lien on the real estate for the payment of the full amount due on the note.    By the expression "Contract Lien" we presume the court means a lien or mortgage outside of and independent of the vendor's lien, and this

would depend entirely upon the intention of the parties as shown by the instruments executed. Briscoe v. Bronaugh, 1 Texas, 330; McKelvain v. Allen, 58 Texas, 387; Ellis v. Hannay, 64 S. W., 684; Abernethy v. Bass, 29 S. W., 387; Barnett v. Mason, 74 Ark., 254; Roberts v. Jacks, 31 Ark., 597.

*Wm. M. Jones,* for appellee.—A vendor's lien expressed in a deed is a contract lien, and upon judgment upon notes secured by the lien the holder is entitled to foreclosure on said land conveyed by said deed against all parties claiming thereunder. Bergman v. Blackwell, 23 S. W., 243 (op. by Williams); Baker v. Collins, 4 Texas Civ. App., 520; Helm v. Weaver, 69 Texas, 144; Bailey v. Greenleaf, 7 Wheat. (U. S.), 46, defining vendor's lien; Simkins on Equity, XXXIV, page 208, and cases cited; 28 Am. & Eng. Enc., 184, note 7, 186, note 1; Bell v. Pelt (Ark.), 11 S. W., 684; Busby v. Bush, 79 Texas, 658; Wright v. Campbell, 82 Texas, 388; Simkins on Equity, ch. 39, p. 238, and cases cited; Doty v. Deposit B. & L. Ass'n, 46 S. W., 219; Peters v. Clement, 46 Texas, 122; Farmers L. & T. Co. v. Beckley, 93 Texas, 267.

Where a lien is reserved in a deed it is an executory contract and the legal title to the land remains in the vendor, and unless the lien is satisfied the vendor may have foreclosure on the land to secure payment of the money secured by the lien. Farmers Loan & Trust Co. v. Beckley, 93 Texas, 267; Peters v. Clement, 46 Texas, 122; King v. Young Men's Ass'n, 1 Wood, 390; Smith v. Owen, 107 S. W., 929; Evans v. Ashe, 108 S. W., 398; Stephens v. Matthews' Heirs, 69 Texas, 341; Caldwell v. Fraim, 32 Texas, 310; Simkins on Equity, ch. 39, p. 238, and cases there cited; Gardener v. Griffiths, 93 Texas, 355; Summerhill v. Hanner, 72 Texas, 227.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Fifth Supreme Judicial District. The statement and questions are as follows:

"This suit was instituted by the appellee Jones to recover of J. N. Shelton the amount of three promissory notes, and to foreclose, as against the said Shelton and the appellants, Honaker and Herrin, the vendor's lien claimed as security for the payment of said notes upon two lots of land situated in Farmersville, Collin County, Texas. Two of said notes bore date December 14, 1893; they were for the sum of $1000 each and payable respectively on the 14th day of December, 1895 and 1896, with interest at the rate of ten percent per annum, payable annually, and provided for ten percent thereof additional as attorney's fees, if placed in the hands of an attorney for collection. Each of said notes recited that it was for purchase money of a "livery stable and outfit with two lots of land situated in Farmersville, Collin County, ———, upon which the vendor's lien is expressly retained to secure the payment hereof." The other of said notes is for the sum of $260.75, bears date June 10, 1903, and was given for a balance of interest that was due and payable on said first named notes, on the 10th day of June, 1903. This note also bore

interest at the rate of ten percent per annum and provided for ten percent as attorney's fees if placed in the hands of an attorney for collection, but it did not expressly give or recite any lien on the "livery stable and outfit" or upon the lots of land mentioned in the other notes. Upon the back of each of the two first notes referred to above was the following endorsement: "I hereby acknowledge that there is due on this note the sum of One Thousand ($1000) Dollars, and I agree to pay the same, together with ten percent interest per annum from this, the 10th day of June, 1903. J. N. Shelton." In their amended answer, filed in lieu of the original answer, and upon which the case went to trial, the defendants did not plead the statute of limitations. It also appears that a deed was executed by appellee Jones on the 14th day of December, 1893, by which the two lots mentioned in the $1000 notes described were conveyed to J. N. Shelton. This deed recites said two notes as a part of its consideration and that a vendor's lien is expressly reserved to secure their payment. In the notes sued on, as stated, it appears upon the face of each of the one thousand dollar notes, that it was given for a "livery stable outfit" and two lots of land, and by parol evidence it was shown without contradiction that the "livery stable outfit" consisted of horses, harness, and other vehicles. The whole property, real and personal, was sold for the aggregate sum of $6,500 and it does not appear what proportion of said sum was for the land, nor was the reasonable value of the land, or of the personal property, at the time of the sale or at the time of the trial shown. In other words, the evidence simply shows that the land and the "livery stable outfit" consisting of horses, harness, buggies, and other personal property, were sold for the lump sum of $6,500, and the notes sued on taken as a part of the consideration therefor. The trial court instructed the jury to return a verdict in favor of the plaintiff for the amount of the notes (less the attorney's fees claimed on the two $1,000 notes), together with a foreclosure of the vendor's liens on the land, and the appellants have appealed.

"The record shows that the court correctly directed the verdict of foreclosure if the lien existed upon the land for the full amount due on the notes.

"Question 1. Did the trial court, under the facts stated, err in directing a foreclosure of the vendor's lien on the land?

"Question 2. When a vendor seeks to enforce his lien for the collection of a note which was given in part for land and in part for chattels or personal property, where such lien is expressly reserved in the note and the deed conveying the land, is it incumbent upon him, in order to have a foreclosure of such lien upon the land, to show how much of the note was given for the land?

"Question 3. If in such case there was no agreement between the parties at the time of the sale, fixing the value of the land, or of the personal property, will the vendor be allowed to show by proper evidence, what proportion the value of the land bore to the whole value of the property sold and have his foreclosure on the land for such proportionate amount?

"Question 4. Does the transaction constitute a contract lien upon

the real estate for the payment of the full amount due on the notes?"

To the first and fourth questions we answer, the reservation of the lien upon the land in the deed and notes constituted a contract lien, which is equivalent in its effect to a mortgage upon the land and binds the land for the whole amount of the two notes with interest and attorney's fees. 3 Pomeroy's Eq. Jur., secs. 1256, 1257; Helm v. Weaver, 69 Texas, 143; Bergman v. Blackwell, 23 S. W., 243; Baker v. Collins, 4 Texas Civ. App., 520; Lippencott v. York, 86 Texas, 276.

In section 1257 of Pomeroy's Equity, above cited, this language is used: "This peculiar species of lien differs essentially from that which equity raises by implication in favor of the grantor, since it is based upon and created by express contract. It is in all essential elements a mortgage. The deed is made to embody an informal mortgage or defeasance, and is thus prevented from being absolute so long as the price remains unpaid." This principle has been recognized and enforced by a long line of decisions of this court wherein it has been held that the reservation of a lien on the face of the deed or notes has the effect of a mortgage and makes the transaction executory.

In Lippencott v. York, cited above, a husband and wife entered into a written contract for improvements to be made upon their homestead, which was executed according to the statute, and fixed a mechanic's lien on the homestead. The contractor transferred that contract to another and the owners of the homestead took up the mechanic's lien contract and executed in lieu thereof new notes and a deed of trust on the homestead. The statute then in force required suit to enforce the mechanic's lien to be instituted within one year, which was not done in this case, and it was claimed that the lien was discharged. This court held that, although the mechanic's lien could not be enforced, the notes and deed of trust constituted a contract lien on the homestead that was valid. This is analogous to the question we have. The notes, as a whole, may not have been for the purchase money of the land, therefore, would not have a vendor's lien, strictly speaking, except for a portion, yet the contract lien is valid for the entire amount. (Helm v. Weaver, cited above.)

The lien being reserved in the deed and notes and all of the other facts being established necessary to entitle the plaintiff to a foreclosure, the court did not err in instructing the jury to return a verdict in favor of the plaintiff for a foreclosure of the lien.