## CHAS. M. MELTON v. BOB C. BEASLEY.

### Decided June 24, 1909.

**1.—Trespass to try Title—Misjoinder.**

    It was permissible for plaintiff to sue for the recovery of land on the ground that title was expressly retained by vendor, and to seek in the alternative a foreclosure in a case his lien be held not a vendor's but a lien by contract.

**2.—Liens—Vendor—Contract—Payment—Renewal.**

    A note secured by vendor's lien having been paid, the payor and holder thereafter agreed to secure a loan of money from the latter to the former by executing a new note appearing to be given as a renewal of such vendor's lien note for the purchase money secured thereby. Held, that although such transaction could not create a vendor's lien, it was sufficient to give a contract lien upon the land to secure payment of the money loaned, which was good as between the parties and others not purchasers for value without notice.

**3.—Pleading—Vendor's or Contract Lien.**

    Plaintiff sued upon a note and alleged vendor's lien. Defendant alleged

that the note was not given for purchase money, the original purchase money note having been paid and the one sued on given for a different consideration, though executed in the form of a renewal of the discharged purchase money note. Plaintiff in reply alleged the intent to make the land security for the new note by the form of contract adopted, and asked foreclosure. Held, that plaintiff's pleadings were sufficient to support a foreclosure of his lien as one given by contract and not for purchase money.

4.—Limitation—Minor—Guardian—Right of Action.

On the death of the holder of a promissory note, his right therein passed to a minor as residuary legatee. His executor, guardian also of the minor, procured an indorsement on the note by the maker that it was just and unpaid. More than four years thereafter, but less than four years after the minor became of age, he brought suit upon the note. Held, that the executor and guardian had no such title to the note as that limitation would run thereon, as in case of a trustee entitled to sue, and that the action on the contract created by the written acknowledgment of the justice of the debt was not barred until four years after the minor became of age.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben H. Denton.

*H. G. Evans*, for appellant.—The court erred in overruling the general demurrer and special exception of the defendant to plaintiff's petition, because said petition sets up two different and independent causes of action which can not be joined in one and the same suit. Gardener v. Griffith's Executors, 93 Texas, 358.

The vendor's lien is a secret lien and one which stands solely upon the grounds of equity and good conscience, and does not have to be recorded to give it the force of a mortgage. Simply to write in a note that it was given for land and the vendor's lien is retained, when in fact it was given for borrowed money, does not create a lien that equity will enforce; but the parties who engage in this sort of contract (which is against public policy) are in *pari delicto*, and equity should not step in to relieve them. Swain v. Cato, 34 Texas, 398; McConkey v. Henderson, 24 Texas, 212.

When the original purchase money note was paid the vendor's lien on said land was extinguished. 34 Texas, 395-398, 23 Texas, 440, 25 Texas, 325, 778; 24 Texas, 212.

A vendor's lien upon land is not established by proof that parties agreed that one of them should have a vendor's lien upon certain land; such a lien arises by operation of law where certain facts exist. Wynn v. Flannegan, 25 Texas, 781.

*McGrady & McMahon*, for appellee.—It was permissible for plaintiff to sue for the land, and in the alternative allege all the facts and pray to enforce a lien thereon. Von Roeder v. Robson, 20 Texas, 754; Grabenheimer v. Blum, 63 Texas, 373; Wolf v. Lachman, 20 S. W., 867; Compton v. Ashley, 28 S. W., 224.

Where parties enter into a written agreement stipulating that a certain tract of land shall stand as security for a certain debt, it is a valid contract lien, although they may through ignorance or misnomer call it a vendor's lien. Honaker v. Jones, 102 Texas, 132; Wright v. Campbell, 82 Texas, 388; Busby v. Bush, 79 Texas, 658; Wilcox v.

Bank, 93 Texas, 322; Lippencott v. York, 86 Texas, 276; Mustain v. Stokes, 90 Texas, 358; Mason v. Bumpass, 1 Will., C. C., sec. 1338; Armstrong v. Burkitt, 34 S. W., 759; Ingersoll v. Coram, 211 U. S., 335, 29 S. Ct., 92; Re Loveland, 155 Fed., 838, 27 Cyc., 976, 985-7; Higgins v. Manson, 126 Calif., 467, 77 Am. St., 192; Dulaney v. Willis, 95 Va., 606, 64 Am. St., 815; Peckham v. Haddock, 36 Ill., 38.

Plaintiff, having a valid lien on the land, is entitled to foreclose in the District Court against defendant claiming the land, no matter whether he is personally liable on the debt or not. Blinn v. McDonald, 92 Texas, 604; Solomon v. Skinner, 82 Texas, 345; Matlock v. Glover, 63 Texas, 231; Brandenburg v. Norwood, 66 S. W., 587; Sigal v. Miller, 25 S. W., 1012. The lien is not barred till the debt is barred. Hanrick v. Gurley, 93 Texas, 473. The lien exists though the debt is barred. Converse v. Davis, 90 Texas, 462. Reviving debt revives lien. Howard v. Windom, 86 Texas, 560, 84 Texas, 46.

The supplemental petition, construed in connection with amended petition and answer, authorized a foreclosure of the contract lien. Lyon v. Logan, 68 Texas, 522; Day v. State, 68 Texas, 526; Grimes v. Hagood, 19 Texas, 246. The amended petition also alleged a contract lien on the land to secure the note sued on. Honaker v. Jones, 113 S. W., 748.

HODGES, ASSOCIATE JUSTICE.—In August, 1908, the appellee filed his amended original petition in the usual form of an action of trespass to try title to 73 1/3 acres of land situated in Fannin County. He alleges that in November, 1890, W. T. Gray conveyed the aforesaid tract of land to T. H. Melton, and as a part of the consideration of said conveyance Melton executed a note payable to the order of Gray, due November 1, 1891, for $558, with interest and attorney's fees; that a vendor's lien was retained in said note to secure its payment; that afterwards, and before the maturity of same, the note was transferred by Gray to I. D. Beasley. It is further alleged that on February 14, 1898, in renewal and extension of this note and debt said T. H. Melton executed another note, a substantial copy of which is attached to the petition as an exhibit, which was as a matter of form endorsed in blank by Gray, but which was in fact executed and delivered to I. D. Beasley as his property; that afterwards on January 11, 1904, Melton executed a written acknowledgment of such debt by signing the following written entry on the back of said last-mentioned note: "Balance due on this note, just and unpaid January 11, 1904. T. H. Melton." It is also alleged that plaintiff is the legal holder and owner of said debt and note, and that it is past due and unpaid except certain credits mentioned. It is also alleged that in 1906 T. H. Melton conveyed the land, or such interest as he had in it, to the defendant in this suit, and the latter now owns that interest subject to the debt, note and vendor's lien retained, as thereinbefore described; that T. H. Melton is insolvent and has been adjudged a bankrupt; that I. D. Beasley died testate February 23, 1903, leaving a will by the provisions of which the plaintiff was made the residuary devisee and legatee of his estate, and thereby became the legal owner of said debt and note against the land; that the will was duly probated April 8, 1903, and

by its provisions administration of the decedent's estate was withdrawn from the court, and his estate had been fully administered and the debt and notes turned over by the executor to the plaintiff in September, 1905; that the plaintiff is only twenty-three years of age, having been born in July, 1885. The petition concludes with a prayer for judgment, for title and possession of the land; but if he is not entitled to recover the land, then he prays judgment against the defendant for the debt, interest, attorney's fees, costs of suit and foreclosure of said vendor's lien on the land described, and that it be sold to satisfy the debt and costs.

The defendant, appellant here, filed special and general exceptions, pleads the five and ten years statute of limitation; also pleads limitation of four years against the note sued on, a general denial and plea of not guilty, and specially says that the note mentioned in the plaintiff's petition as given for the purchase money for the tract of land was paid off and fully discharged years ago, and the vendor's lien, if any, fully satisfied, and that the note involved in this suit was given for borrowed money and a lien attempted to be fixed upon this land as the original vendor's lien note.

The appellee filed a supplemental petition in which it was alleged that when the second note mentioned in the petition was executed it was the intention of the parties, and the agreement between T. H. Melton and I. D. Beasley, that the same should stand in place of the original note and should be a lien on the land, was executed for a valuable consideration, and thereby did become a valid lien on said land; wherefore he prays as before.

The case was tried before the court without a jury, and a judgment rendered in favor of the appellee foreclosing a lien upon the land for the amount of the note, interest and attorney's fees, but specially providing that no execution should issue against the appellant personally for any part of the judgment except costs of suit.

It appears from the evidence that at or about the dates mentioned in the petition the land in controversy had been sold by Gray to T. H. Melton, and a note for $558 taken as part payment of the consideration, in which a vendor's lien was retained; that this note was transferred to I. D. Beasley by Gray; that thereafter the note was paid off by T. H. Melton, but that on the following day S. D. McGee, acting as agent for Beasley, advanced to Melton $500, and that the second note mentioned in the petition was taken therefor. The testimony as to what occurred between McGee and T. H. Melton is somewhat conflicting. The court, however, finds as follows upon that issue: "That in a short time after February 14, 1898 (that being the date when the first note was paid off), said Melton desired to borrow from I. D. Beasley the amount he paid on said note, less the interest which had accrued, viz., the sum of $500. He made an agreement with I. D. Beasley through his agent S. D. McGee, in substance that Beasley loan him, T. H. Melton, $500, and that they consider said payment made on said note February 14, 1898, as canceled or withdrawn to the amount of $500, and that said land would stand as security for such $500 loan, and that Beasley should have a lien thereon, and it was agreed and intended by the parties that same should be a vendor's lien

thereon, same as secured the note which had been paid off, and thereupon T. H. Melton executed to I. D. Beasley a new note, a copy of which is attached to plaintiff's original petition, and at time it was executed the credits were endorsed thereon, which purport to have been made prior to February 14, 1898, and it was understood that W. T. Gray would endorse same in blank, which he did a few days thereafter, and Beasley loaned Melton $500 thereon, and said original note also turned back to Beasley, who, with plaintiff, have thereafter held same all the time." The court further finds that on January 11, 1904, Melton made the endorsement before mentioned acknowledging the justness of the note and the fact that it was due and unpaid. I. D. Beasley died on the 23d of February, 1903, leaving a written will in which the plaintiff in this suit was made the residuary legatee and devisee and in that way acquired the note in question. The will was probated April 8, 1903, on which day S. D. McGee qualified as executor. The court finds further that plaintiff was born in 1885, and soon after he became of age McGee turned over the property which had been willed to him. The court finds that T. H. Melton, joined by his then wife, on January 2, 1906, deeded the land to the defendant in this suit. We do not think there was any error in the action of the court in overruling the general and special exceptions interposed by the appellant to the original petition.

The appellant contends that because the evidence shows that the original vendor's lien note executed by T. H. Melton to Gray and by the latter transferred to Beasley was paid off and the vendor's lien thereby extinguished, the court erred in holding that there was any lien upon the land which appellee was entitled to have foreclosed. We think the transaction between T. H. Melton and McGee, representing Beasley, in the execution and delivery of the second note, was sufficient to create a contract lien good as between the parties and others not purchasers for value without notice. Honaker v. Jones, 102 Texas, 132, 113 S. W., 748; Wright v. Campbell, 82 Texas, 388, 18 S. W., 706; Busby v. Bush, 79 Texas, 658, 15 S. W., 638; Wilcox v. Bank, 93 Texas, 322, 55 S. W., 317; Lippencott v. York, 86 Texas, 276, 24 S. W., 275; Mustain v. Stokes, 90 Texas, 358, 38 S. W., 758; Armstrong v. Burkitt, 34 S. W., 759; Ingersoll v. Coram, 211 U. S., 335, 29 Sup. Ct. Rep., 92. The appellant has neither pleaded nor undertaken to prove that he was a purchaser of the land upon which the lien existed, for value and without notice, and that question is not involved.

It is also claimed that the appellee, having specifically pleaded a vendor's lien, was not entitled to recover upon a contract lien. It is true the appellee's petition does allege the existence of a vendor's lien, and the facts as stated show the existence of a vendor's lien. The note sued on is alleged to have been given in renewal of one which was in fact a vendor's lien note. However, this variance between the *allegata* and *probata* was corrected by the pleadings of the defendant and the facts set up in the supplemental petition filed by the appellee. The appellant in his answer alleges, among other things, that the note described in the plaintiff's petition as being given for the purchase money for the tract of land was paid off and fully discharged years

ago, and the vendor's lien, if any, fully satisfied, and that the note involved in this suit was given for borrowed money and the lien attempted to be fixed upon the land as the original vendor's lien note. In reply to this the appellee alleges that it was the intention of the parties that this second note should stand in place of the original note and be a lien upon the land. We think the pleadings of the parties, taken as a whole, are sufficient to support the judgment rendered. Lyon v. Logan, 68 Texas, 522, 5 S. W., 72; Willis v. Lockett, 26 S. W., 419; Gulf, C. & S. F. Ry. Co. v. Anderson, 76 Texas, 252, 13 S. W., 196; Grimes v. Hagood, 19 Texas, 246. There was no evidence to show that T. H. Melton was at the time of executing this renewal note the head of a family, or that he was entitled to a homestead exemption which could not be mortgaged. For aught that appears to the contrary, he may have been at the time an unmarried man, and could have mortgaged his homestead even though he had one which was exempt from execution. Busby v. Bush, supra; Bateman v. Poole, 84 Texas, 405, 19 S. W., 552; Howard v. Windom, 86 Texas, 560, 26 S. W., 483. Neither is there any evidence that T. H. Melton had any children who were entitled to share with him in the community property upon the death of his wife; hence there is no support for the contention that Melton only owned a one-half interest in the land and that his mortgage only encumbered the property to that extent.

It is insisted that action on the note was barred by limitation and that the lien was thereby lost. The note does show upon its face that in 1908, when the suit was filed, more than four years had elapsed since the written acknowledgment had been given by T. H. Melton, but it is also shown that the appellee was a minor and did not attain his majority till 1906. This being true, his cause of action was not barred at the time this suit was filed unless there existed facts such as would bring the case within the rule, applied where a trustee has the legal title to the property in controversy, and not merely its management and control. Belt v. Cetti, 100 Texas, 92, 93 S. W., 1000. The appellant contends that the cause of action arose during the administration upon the estate of I. D. Beasley, and that limitation having commenced to run against McGee, the executor, continued uninterrupted against the appellee, notwithstanding the latter's minority. He seeks to apply the doctrine announced in the case of Rindge v. Oliphant, 62 Texas, 682. In the Belt case above referred to the Supreme Court limited the ruling in this latter case to the facts involved, and justified it only upon the ground that the cause of action under consideration arose during the administration of an estate and accrued to the administratrix in her capacity as such. It is true that in the case at bar the new promise, which is the one relied on as the basis of this suit, was made after the death of I. D. Beasley; but we are unable to say from the record whether it was before or after McGee had discharged all of the duties that devolved upon him as the executor under the will. He was the guardian of the estate of the appellee at the time, and it may have been that he was merely holding the note in that capacity. We can not say that the cause of action upon this note accrued to McGee in his capacity as executor, or as guardian, any more than a right to sue upon any other mature and unpaid obligation

which he held in his possession. Under the provisions of article 1869 of the Revised Civil Statutes, property left by a testator or intestate vests immediately in the devisees or legatees and the heirs at law. Unless there is something shown to the contrary we must assume that McGee, as the executor and guardian appointed by the will of I. D. Beasley, had only such authority as was essential to a proper performance of the duties enjoined upon him. There is nothing in that portion of the will embraced in the record that would indicate that McGee was to do more than pay the debts due from the estate if any existed, make a distribution of the property among the devisees, and to manage and control that portion bequeathed to the appellee till he became of age. The acknowledgment by Melton that the debt was just, due and unpaid, was not a promise made to McGee as guardian or executor investing him with the legal title to the obligation. It was but the revival of the old obligation, and inured to the benefit of the devisee, the legal owner of the old note. The conclusions of the trial court involved a finding of fact that McGee did not hold the legal title to the note, and that it was not a cause of action that accrued to him in his representative capacity. No complaint is made of the sufficiency of the evidence to support the findings of fact; but if there had been we could not, in view of the record, say that these were unsupported.

The remaining assignments are overruled and the judgment affirmed.

*Affirmed.*·

Writ of error refused.