**EASTLAND LODGE, NO. 467, A. F. & A. M., et al. v. STUBBLEFIELD.   (No. 527.)**

Court of Civil Appeals of Texas.   Eastland.
Jan. 11, 1929.

Rehearing Denied Feb. 8, 1929.

Scott,. Brelsford, McCarty & Brelsford and Chastain & Judkins, all of Eastland, for appellants.

Barker & Orn, of Cisco, and J. R. Stubblefield, of Eastland, for appellee.

LESLIE, J.   J. R. Stubblefield, plaintiff, filed this suit against Eastland Lodge. No. 467, A. F. & A. M., and G. W. Fisher, alleging that said lodge executed and delivered to him 10 vendor's lien notes of date December 1, 1919, each in the principal sum of $1,700, and due respectively on or before 1 to 10 years after date, and further alleging that said notes were secured by a vendor's lien reserved in a deed from himself to said lodge, conveying a certain lot or tract of land in the town of Eastland. Plaintiff sued for the principal, interest, and attorneys' fees on all said notes, except the first and second, which had been paid, and in the alternative asked for a rescission in the event foreclosure was denied him.  G. W. Fisher was made a party defendant upon the assumption that he was claiming some interest in the property, and the Grand Lodge was likewise made defendant, that a foreclosure might be had against such interest as it might possess in the property of a subordinate lodge. Said Eastland Lodge, No. 467, A. F. & A. M., will be mentioned in this opinion as the lodge, or the Eastland Lodge.

The lodge answered by general and special exception, general denial, and specially alleged that the notes were not executed and delivered for the purchase money of the land, but represented money borrowed by the defendant lodge from the plaintiff Stubblefield, and that the land and premises conveyed by said deed were in fact the property of the defendant lodge, but that the deed was permitted to be made by said plaintiff, J. R. Stubblefield, and said purported lien reserved therein, in order to secure a loan from Stubblefield to the lodge; and, in this connection the defense was further set forth that the laws of Texas and the Masonic Grand Lodge forbade said Eastland Lodge as a subordinate lodge to incumber its real estate without the consent of the Grand Lodge,

if in session, or the Worshipful Grand-Master, if said Grand Lodge be not in session, and said Eastland Lodge further alleged that in the instant case no such consent or authority was ever obtained. Upon these grounds foreclosure of the lien was resisted, and a plea of limitation was also interposed by the defendant as against the plaintiff's right of recovery on the notes. This defendant also adopted the answer of the Grand Lodge.

The defendant Fisher answered by denial of the plaintiff's cause of action, and set up a cross-action against the lodge for an indebtedness of $15,000, representing a loan by him to the lodge, secured by a mortgage of date September 11, 1920, and he prayed for said amount and foreclosure of his deed of trust lien, and sought to have it adjudged paramount to the plaintiff's indebtedness and lien.

The case was tried before the court without a jury, and judgment was rendered in favor of the plaintiff, J. R. Stubblefield, as against the Eastland Lodge for the sum of $21,919.32, principal, interest, and attorneys' fees, decreeing a foreclosure of the vendor's lien against the property described in plaintiff's petition as against all the defendants. G. W. Fisher was granted a judgment against the lodge for his indebtedness, and granted a foreclosure of his lien, but subordinate to plaintiff's rights. The defendants, Eastland Lodge and Fisher, duly excepted to the judgment, and have perfected their appeal to this court. The Grand Lodge has not appealed.

The major propositions upon which the appellants seek to reverse the judgment of the trial court are:

"(1) A subordinate Masonic Lodge does not have the authority to encumber its real estate without the consent of the Grand Lodge, if in session, or of the Grand Master, if said Grand Lodge be not in session.

"(2) The reservation of a lien in a deed to secure certain notes therein described does not make said notes a part of the purchase price of the land conveyed, when in fact the execution of said deed and reservation of said lien is for the purpose of securing a loan made by the purported grantor to the purported grantee, the land conveyed being in fact the property of the purported grantee.

"(3) A lien reserved in a deed to secure notes therein described is not a vendor's lien, unless the notes represent a portion of the purchase price.

"(4) A subordinate Masonic Lodge having permitted the legal title to its own real estate to become vested in plaintiff and having permitted plaintiff to execute to said lodge a deed conveying said real estate to said lodge reserving a lien to secure purported vendor's lien notes, is not estopped or precluded from showing that said notes are not for the purchase price of said real estate but represents money loaned said lodge by plaintiff and that said lodge had no authority to encumber its said real estate to secure said loan."

■ These propositions are controlling in the disposition of this appeal. In the light of these contentions the record has been carefully examined. It is unnecessary to set forth in detail the facts out of which the litigation grows. It appears that said Eastland Lodge owned as a lodgeroom the second story of a building situated in the town of Eastland, and that it was desirous of selling the same and acquiring from one John H. Harrison a lot or tract of land 75x200 feet in dimensions upon which to erect a more commodious lodge building. The plaintiff, J. R. Stubblefield, was desirous of purchasing said lodgeroom, the ground floor of said building being owned by him. Negotiations sprang up between said lodge, Stubblefield, and Harrison. These terminated in the lodge conveying to plaintiff, Stubblefield, its lodgeroom for the sum of $8,000, and Harrison, for a consideration of $10,000, conveyed to the Eastland Lodge his lot, 75x200 feet, save and except a portion thereof, 50x100 feet in dimensions, which he and his wife conveyed to plaintiff, J. R. Stubblefield, by warranty deed reciting a consideration of $5,000. The lodge building was subsequently erected on that portion of the original lot thus conveyed to Stubblefield, who, throughout the negotiations and as a part of them, was proffering to loan the lodge $17,000 on terms, for the construction of the building, in the event the lodgeroom was sold to him for $8,000. In the consummation of the deals, resulting in Harrison and his wife executing said deed to Stubblefield, the latter paid direct to Harrison about $2,000, which was combined with the additional sum of $15,000, advanced by Stubblefield to the lodge, all of which made up the $17,000 thereafter made by the lodge and the plaintiff, Stubblefield, the consideration for the conveyance evidenced by the deed executed and delivered by said Stubblefield to the lodge. Through this deed the lodge acquired its title to the tract 50x100 feet, and in it the said consideration was evidenced by the 10 promissory vendor's lien notes in suit. In this deed the vendor's lien is expressly retained to secure said notes. The deed from Harrison and wife to Stubblefield is in the usual form and language of such instruments. The same is true of the deed from Stubblefield to the lodge. The record presents no question of fraud or mistake relative to the recitals of either deed. As we view it, this latter deed from Stubblefield to the lodge expresses the very terms upon which the defendant Eastland Lodge took its title. Upon its terms it took the title to the tract of land therein described, burdened with the lien specifically reserved in the deed, and as stated in Berry et al. v. Boggess, 62 Tex. 241:

"It would not affect the question, if, strictly speaking, the amount was not part of the

purchase money of the lot, for in legal effect it is made such by the terms of the deed. On the case made by the record, the only title plaintiffs in error have to the lot is that vested by the conveyance, and that vested subject to the reservation of the lien.

"Whether it be called a contract or vendor's lien is immaterial; as it is reserved in the conveyance its effect would be the same."

This language of our Supreme Court and the principle announced is applicable to the instant case. The plaintiff and the defendant lodge, in "legal effect" made the $17,000 the consideration or purchase price of the lot conveyed to the lodge by the plaintiff. The lodge having accepted its title under the terms expressed in the Stubblefield deed to them, those terms forever become an insuperable obstacle to the union in the lodge of both the legal and equitable title, until such terms are complied with; that is, the title such as the lodge has, vested subject to the reservation of the lien. Upon this theory of the case we think the trial court's judgment is correct. The question is ruled by the following authorities: Berry et al. v. Boggess, supra; Walsh v. Ford, 27 Tex. Civ. App. 573, 66 S. W. 854 (writ denied); Jones v. Male, 26 Tex. Civ. App. 181, 62 S. W. 827; Wright v. Campbell, 82 Tex. 388, 18 S. W. 706; Busby et al. v. Bush, 79 Tex. 656, 15 S. W. 638; Kalteyer v. Mitchell (Tex. Civ. App.) 110 S. W. 462; Id., 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889; Honaker v. Jones, 102 Tex. 132, 113 S. W. 748; Melton v. Beasley, 56 Tex. Civ. App. 537, 121 S. W. 574 (writ denied); Skinner et al. v. Home Building & Loan Ass'n (Tex. Civ. App.) 292 S. W. 913.

■ The foregoing conclusions, we think, are correct, without regard to whether the Grand Lodge did or did not grant a dispensation authorizing the creation of the debt and lien discussed. The above propositions are overruled.

■ However, if we be incorrect in these conclusions, we are of the opinion, from a consideration of the record before us, that it clearly shows that the deal, as ultimately consummated, was the deal which, in its substantial and comprehensive phases, was submitted by the Eastland Lodge (through its committee) to the Grand Master (the Grand Lodge not being in session), and that it is the same deal to which he referred in his communication of October 17, 1917, wherein he states, among other things: "You have found another lot that you can purchase to advantage and can borrow money at a reasonable rate to build a lodge room thereon. * * * The reasons assigned for your contemplated business venture seem sound and I have no doubt that it would be to the best interest of the Craft for you to take this step. I, therefore, grant dispensation for your Lodge by a majority vote of its members, to sell said property at the price indicated and purchase the new lots as contemplated and set forth in your letter above referred to."

The local lodge, through its committee, had informed the Grand Master in its communication: "That we have an offer of whatever money we would need to finish the building at a reasonable rate of interest." The above circumstances and the record as a whole indicate to our minds that the "business venture" or the enterprise "contemplated" ultimately eventuated in the execution of the notes and lien involved in this suit, and we believe said transactions were duly authorized by a dispensation granted by the Grand Master. That dispensation is sufficient to support the creation of the obligation declared upon and as found by the trial court. The conclusion is reasonably supported by the testimony. Under such circumstances we would not be authorized to disturb the findings of the trial court in that respect. Cisco Mutual Life Ins. Ass'n v. Ferguson (Tex. Civ. App.) 8 S.W.(2d) 546; Richardson v. Ames et al. (Tex. Civ. App.) 2 S.W.(2d) 517; Cottle v. Jefferson Securities Co. (Tex. Civ. App.) 272 S. W. 819; T. P. C. & O. Co. et al. v. Belcher et al. (Tex. Civ. App.) 265 S. W. 1081.

■ We are constrained to sustain the appellant's fifth proposition to the effect that a promissory note, dated December 1, 1919, and due on or before three years after date, and on which suit is filed December 2, 1926, is barred by the statute of four years' limitation. Articles 5520 and 5521 of the 1925 Statutes determine the appellee's right to a recovery of the unpaid portion of note No. 3 sued upon. Under these articles of the statute, in force when this suit was instituted, note No. 3 is conclusively presumed to have been paid at the time the suit was instituted. The defense having been urged and being amply supported by the testimony, appellant's contention must be sustained.

Further, we do not believe that the opinion of our Supreme Court, in the case of Citizens' National Bank of Hillsboro v. Graham, 4 S.W.(2d) 541, benefits the appellee, or so construes the law (as enacted in 1913, and in force when that opinion was rendered) that the appellee's note No. 3, or the unpaid portion thereof, would be saved from the defense of limitation here urged against it. The articles of the statute above set out are not the same as the statute under consideration in the last-cited authorities, and the difference is that in the Revised Statutes of 1925 the proviso as applied to vendor's lien or purchase money notes is omitted. However, if the same statute as that construed in the above opinion was yet in force, still we would have to regard December 2, 1926, the date when the plaintiff filed his suit and exercised his option to declare said series of notes due, as the date the note (or obligation last accruing) matured. So regarding this as such date of maturity, it will be readily observed that the third note, or the unpaid portion thereof, was by the narrow margin of one day, already "barred by the four years statute of limitation" at the time of the ma-

turity of the last note. However, the plaintiff's right to recover this unpaid portion of the third note is barred under articles 5520 and 5521, R. S., and said note is also barred under the statute as construed in the case of Citizens' National Bank of Hillsboro v. Graham, supra.

■ The other assignments in the record have been considered and they are overruled. The Grand Lodge not having perfected their appeal, the judgment of the trial court as to it remains undisturbed.

The judgment in favor of the plaintiff, J. R. Stubblefield, will be reformed and reduced by the amount of the unpaid portion of said note No. 3, and its interest and proportionate part of attorneys' fee. In other respects the judgment of the trial court is affirmed.

As reformed, the judgment of the trial court is affirmed.